## STEVENS *vs.* GETCHELL.

Where the name of the plaintiff was indorsed on his writ by the attorney who commenced the action, without adding his own name as attorney, it was held, nevertheless, to be a sufficient indorsement, it being done *in the presence* of the plaintiff, he making no objection thereto, and afterward prosecuting the suit.

An objection to the sufficiency of the indorsement of a writ should be made the first term.

In this case the principal question was upon the sufficiency of the indorsement of the writ, which was thus : " *Jacob Stevens, indorser.*" It was admitted to have been written by *B. F. Emery, Esq.* the attorney who commenced the action — but *in the*

*presence* of said *Stevens*, he making *no objection* thereto. The writ was drawn at the request of *Stevens*, and when made was delivered to him. It was made returnable to the *January* term of the C. C. Pleas — was duly entered — and the action continued. During said *January* term, but after said *Emery* had left town, the defendant procured an order of Court to have the writ placed on file, which was served upon *Emery* during the vacation — and at the succeeding term of the Court, the defendants moved that the writ be quashed for the want of a sufficient indorsement. The Court below ruled that the indorsement was sufficient, whereupon the case was brought up by appeal.

*Gilman*, for the defendant, contended, 1. That an indorsement of the writ, with the plaintiff's name *merely*, should be in the *plaintiff's hand-writing*.

2. That the statute did not recognise a right in the plaintiff to delegate an authority to indorse his name upon the writ, without at the same time imposing an obligation upon the " agent or attorney," to indorse his *name* and *capacity* in addition thereto.

3. That if these positions were correct, the assent of the plaintiff, in the present case, express or implied, could not affect it.

*W. P. Fessenden*, for the plaintiff, contended that the indorsement was sufficient; but if not, that the defendant should have availed himself of the defect the first term by plea in abatement, and cited *Com. Dig.* 777; *Adams & als.* v. *Robinson*, 1 *Pick.* 461; *Powell & al.* v. *Stevenson*, 1 *Johns. Cas.* 110; *Cadwise* v. *Hacker*, 1 *Caines* 539; 12 *Johns.* 300, 365; *Whiting* v. *Hollister*, 2 *Mass.* 102; *Clapp* v. *Balch*, 3 *Greenl.* 316.

MELLEN C. J. — *Stevens*, the plaintiff, is an inhabitant of this State, and as such, when he commenced the present action, he had a legal right to indorse his own writ, without being obliged to furnish the name of any *other* indorser by way of security to the defendant for the costs he might recover. He therefore had authority to write his name himself, or empower another person, as his agent, to write it for him. This is a familiar principle; and we frequently see it reduced to practice. In the case before us the name of the plaintiff was indorsed on the writ by *Mr. Emery*, the attorney who commenced the action, in the presence of *Ste-*

*vens,* he not objecting. As the parties have seen fit to submit the cause to our decision upon certain agreed facts, we must have the power to draw such inferences from them as a jury might legally draw. And we cannot fairly draw any other than that the plaintiff assented to the act of *Emery* in so indorsing his name, more especially when the above fact is viewed in connection with the fact of the prosecution of this suit by *Stevens* after the objection was made and urged against the legality of the indorsement. We consider this as a ratification of the act of *Emery* in signing the name of *Stevens* as indorser, and equivalent to a previous authority. This also is a familiar principle.

It is further contended that the statute does not recognize a right in the plaintiff to authorise another to indorse his name upon his writ, without at the same time imposing an obligation upon the " agent or attorney" to indorse *his own name* and *capacity* in addition thereto. The answer to this is that we have decided otherwise in the case of *Skillings* v. *Boyd,* 1 *Fairf.* 43. The facts were, that the original action was brought on a note payable to A. not negotiable, which had been assigned to B. The action was commenced by B. in the name of A. but for the use of B. and the indorsement was in this form. " B. by his attorney, *William Boyd."* *Boyd* was sued as indorsor. The Court decided that *he* was not held, but that *B.* was the accountable indorsor, and that *Boyd,* as *his* agent and attorney, wrote *his* name on the back of the writ; and that if the *mere name* of B. had been indorsed on the writ by himself, without the addition of the word " attorney," the law would imply that he acted as such ; and that *Boyd,* by his authority, having written his name, the legal consequence was the same.

For these reasons we are of opinion that the writ was legally indorsed.

We are also of opinion that if it had not been so indorsed, the objection comes too late. Many decisions have settled this point. We must consider it as waived when not made at the return term. The defendant could then have inspected the writ, had he inclined to call for it. Our opinion being such as we have stated, the motion of the defendant is overruled, and our judgment is that he answer over to the merits of the action.