DANIEL T. RICHARDSON, Plaintiff in Error, *versus* EDWARD R. BACHELDER.

Where the attorney affixed the signature of the magistrate, which was on a slip of paper, to the writ — it was held, that the writ was properly issued, the magistrate having recognized and adopted it.

The Brigadier General is a general officer, and as such authorized to administer the oath prescribed by the St. of 1834, c. 121, § 11, and being made a certifying officer, his certificate is to be received as genuine.

The discharge of the duties of the office of Brigadier General *de facto* is presumptive evidence, that the person so discharging them has taken and subscribed the oaths required by law.

When two companies are designated as the A and B company in the company rolls and orders — and in the assignment of limits by the selectmen as the first and second companies, parol evidence is properly admissible to show that the designation of A and B, on the company rolls and orders, is identical with first and second as used by the selectmen in their designation of the limits of the several companies.

The six months allowed by St. 1834, c. 121, § 33, to a person liable to do military duty, to provide himself with arms and equipments, are limited to the six months immediately succeeding his attaining the age of eighteen.

A student in college is liable to be enrolled and to do military duty wherever his domicil may be — and so far as St. 1837, c. 276, § 6, which requires the *students to do military duty, where the college of which they are members,* may be, conflicts with the law of the United States, it must yield to that as the paramount law.

Where the *disability is temporary,* an excuse *must be made for neglect to the* commanding officer within the time limited by law.

Whether St. 1837, c. 276, § 12, limits or restricts the general jurisdiction of a magistrate — *quære.*

If it does, the want of jurisdiction arising therefrom should be pleaded in abatement.

THIS was a writ of error to reverse a judgment — rendered by a justice of the peace in an action of debt, brought by the defendant in error, as clerk of a company of militia, against the plaintiff in error, to recover a fine for non-appearance at a regimental muster. The writ was returnable before a magistrate in the town of Standish.

At the trial it appeared, on production of the plaintiff's writ, that the justice before whom the cause was tried had never signed the same — but that his name, written by himself on a

slip of paper, had been thereto affixed by the attorney for the plaintiff without his knowledge — upon which the counsel for the original defendant moved, that the writ be quashed — but this motion the justice overruled on the ground that he had authorized said attorney so to affix his signature.

To prove the issue on his part, the plaintiff produced the commission of Albert Sanborn as captain of the B company of infantry, in the 4th Reg. 2d Brig. and 5th Division of Maine militia, having on the back of it a certificate purporting to be a certificate of the oath required by law to constitute said Sanborn a captain, and to have been administered by Wendall P. Smith, as Brigadier General of the 2d Brigade, 5th Division, but no proof was offered that Smith had been duly qualified as Brigadier General or that the signature was genuine. The appointment of the plaintiff as sergeant was made by the Colonel of the Regiment, and it appeared that he had been appointed and qualified as clerk by said Sanborn. To establish the residence of the defendant within the limits of the B company, a copy of the limits of two companies in Baldwin, denominated therein the first and second company as defined and established by the selectmen, was produced — and parol evidence was received to show the identity between the first and the B company — and that the defendant resided within the limits of the first or B company as thus established. The defendant's enrolment appeared on the column for additional enrolments under the date of Sept. 10, 1838, the time at which the regimental muster was had, being the 28th of the same September. The warning and absence of the defendant were not denied.

To maintain the defence, it was proved, that the defendant was twenty-three years of age — that at the time of his enrolment and from that time to the time of sueing out the writ in this case, that he was a student of Bowdoin College — and that at the time of such enrolment and when warned to attend he was at his father's residence during one of the college vacations — that he was unable to do military duty on said 28th of September. To prove that he was unable to do military duty

he offered the certificate of the Surgeon of the Regiment, which was written after the time for muster and by him ante dated — and called the surgeon by whom he proved, that in his opinion he was unable to do military duty, and that he had examined him the day the certificate bears date — but that he did not then make out any certificate. No excuse was offered to the commanding officer.

The defendant further offered a copy of the laws of Bowdoin College, by which it appeared, that the students were forbidden to keep fire arms in their rooms — and the catalogue of the students by which it appeared that the time appointed for said muster was during the term time of said college when by the laws of the college the defendant was required to be there — but the justice excluded the evidence, and on the whole testimony rendered judgment against him.

*McArthur,* for the plaintiff in error. The captain was not legally qualified, the oath having been administered to him by a Brigadier General, who was not proved to have taken the requisite oaths — and who not being a field or general officer — but only a brigade officer could not, if qualified, have administered them. The assignment of limits by the selectmen by virtue of St. 1836, c. 209, § 1, 2, 3, was erroneous and unauthorized. The return of the selectmen does not show whether the first or second is the B company, and that fact could not be shown by parol. *Avery* v. *Butters,* 2 Fairf. 404. The plaintiff was entitled to six months from the time of his first enrolment and this is to be considered as the first — no other enrolment being shown. *Com.* v. *Annis,* 9 Mass. R. 31; *Haynes* v. *Jenks,* 2 Pick. 172. The plaintiff was exempted from doing duty by being a student of Bowdoin College. By the charter of the college, authority is given to the corporation to make such regulations and by-laws as they deem proper. This charter is binding upon the state. *Allen* v. *McKeen,* 1 Sum. 277. The college term commenced the 26th of September, and the laws of the college require the presence of the student there. Col. Law, c. 6.

The sickness of the plaintiff was a good defence — and

should have been so regarded.   *Com.* v. *Douglas*, 17 Mass. R. 49; *Com.* v. *Smith*, 11 Mass. R. 546; *Pitts* v. *Weston*, 2 Greenl. 349.

The writ was not signed and should have been quashed as having been improperly issued.   The writ should have been made returnable before a magistrate in Baldwin where the defendant resided.   St. 1837, c. 276.

*Swasey, contra,* insisted that the writ, the signature of the magistrate, having been adopted and recognized by him, was sufficient, and should not have been abated.   The Brigadier General being a field officer, could administer the required oath to the captain and make the proper certificate of such fact by virtue of St. 1834, c. 121, § 11 — and the officer making such certificate is presumed to be qualified.   The limits were properly assigned by virtue of St. 1836, c. 731.   The evidence offered was not to prove the limits of the company — but simply the identity of a company designated in different modes — and for this purpose it was properly received.   *Gould* v. *Hutchins*, 1 Fairf. 145; *Allen* v. *Bates*, 6 Pick. 460; *Richards* v. *Killam*, 10 Mass. R. 239; *Davenport* v. *Mason*, 15 Mass. R. 85; *Choate* v. *Burnham*, 7 Pick. 274; *McGregor* v. *Brown*, 5 Pick. 170.   The enrolment was right — the residence of Richardson being at Baldwin — and his absence only temporary.   *Com.* v. *Walker*, 4 Mass. R. 556.   The evidence of the laws of Bowdoin College, and of time when the college terms commenced was properly excluded — those facts not being proved by competent testimony.   The law presumes every one enrolled as legally liable to do duty and if the defence of physical inability or sickness be relied on it should be shown in the manner prescribed by the St. 1834, c. 121, § 34, 44.   The certificate obtained was not regular, and therefore was of no effect.   *Com.* v. *Smith*, 11 Mass. R. 456; *Com.* v. *Fitz*, 11 Mass. R. 540.   The excuse was not offered to the captain and was not available before the magistrate.   *Tribou* v. *Reynold*, 1 Greenl. 408; *Pitts* v. *Weston*, 2 Greenl. 349; *Hume* v. *Vance*, 7 Greenl. 118; *Cutter* v. *Tole*, 2 Greenl. 181; *Howe*

v. *Gregory,* 1 Mass. R. 81. The justice heard this proof and his judgment of its effect is conclusive.

The opinion of the Court was delivered by

WESTON C. J. — The justice having authorized the attorney to affix his signature to the writ, and having recognized and adopted it as his, it must be taken to be a writ duly signed by him.

We hold the *Brigadier General* to be a general officer, and as such authorized to administer the oath, prescribed by the St. of 1834, § 11, and that discharging the duties of that office *de facto* he must be presumed himself to have taken and subscribed the oaths required by law. He is made by law a certifying officer ; and as such his certificate is to be received as genuine. Fraud or forgery is not to be presumed. It would greatly and unnecessarily increase the expense of these prosecutions, if the original plaintiff were required to go farther back in the chain of testimony. In our judgment the official authority both of the captain and clerk was legally proved.

The limits of the companies in the town of Baldwin were proved by the proper record evidence. Secondary proof on this point was not received. The residence of the plaintiff in error, within the limits of one of the companies so assigned, was proved by the best testimony, of which the fact was susceptible. That the designation of A. and B is identical with first and second, the terms used by the selectmen in their assignment of limits, we think might be proved by parol. They were different names by which the same organized body was known and designated. It had no tendency to produce confusion or to change limits. The assignment by the selectmen was to distinguish the one company territorially from the other. If the companies, thus separated and assigned, afterwards received different names, the limits assigned were not thereby affected.

We are of opinion, that the Stat. of 1834, c. 121, § 33, limiting the six months allowed by law to a party liable to do military duty, to provide himself with arms and equipments to

Richardson *v.* Bachelder.

the six months immediately succeeding his attaining the age of eighteen, is not inconsistent with the paramount law of the United States, but fairly carries out its true intent and meaning. And we are further of opinion that neither the rights or immunities granted to Bowdoin College, under the authority of Massachusetts or Maine, nor the by-laws of that institution, can legally have the effect to dispense with the military duty required by the laws of the United States.

The connection of the plaintiff in error with that institution was temporary, for the purposes of education. It did not change his domicil, which appears to have been at his father's house. The government of the United States has the general power, under the constitution to regulate the militia. All laws made under this power, are paramount to those of the individual states. The law of congress, of the eighth of May, 1792, § 1, provides that every citizen, liable to do military duty, shall be enrolled by the captain or commanding officer of the company, within whose bounds such citizen shall reside. This has been held, both in Massachusetts and Maine, to mean the domicil, and not the temporary residence, of such citizen. *Stone* v. *Osgood,* 16 Maine R. 238, and the cases there cited. So far as the St. of 1837, c. 276, § 6, may conflict with the act of congress, it must yield to the paramount law.

The Justice must be understood to have decided that the disability, proved by the plaintiff in error, was temporary, not permanent. And such is the conclusion, properly deducible from the testimony. In such case, in order to make the disability available in defence, the party must make his excuse to the commanding officer of the company, within the time limited by law. *Pitts* v. *Weston,* 2 Greenl. 349.

The action was within the general jurisdiction of a justice of the peace for the county, where the delinquency happened. Whether the St. of 1837, c. 276, § 12, limits or restricts that power, may be questionable. But if it does, we are of opinion, that it should have been pleaded in abatement.

In our judgment, none of the errors, relied upon by the plaintiff in error, are well assigned.

*Judgment affirmed.*