The other Justices concurred.

———◆———

## Josiah E. Just v. The Township of Wise.

*Mandamus to compel payment of township orders—Adoption of signature—Affixing a mark.*

Mandamus lies, not assumpsit, to compel a township board to pay a valid order given by the highway commissioners on the township treasurer.

No question can arise in the Supreme Court upon a point of law not passed upon in the finding of the court below.

A township clerk has no authority by virtue of his office to sign the names of highway commissioners to an order on a township treasurer.

An order on a township treasurer to pay for labor is incomplete without a certificate that the labor is performed, and the actual signature of the highway commissioners to the certificate, where that is indorsed upon the order, is sufficient to adopt as signatures their names attached to the order, though attached thereto by some one else.

A mark attached to a signature is evidence of the intention to adopt it; but this may also be done by any other act expressed clearly.

Where one who cannot write, directs another person to sign for him and the latter signs in his presence, the signature is binding whether the former does or does not attach his mark.

Error to Isabella.   Submitted Jan. 15.   Decided Jan. 23.

ASSUMPSIT.   Plaintiff brings error.

. *A. A. Ellis* for plaintiff in error.

*Wheaton & Perry* for defendant in error.   Mandamus lies to enforce a valid township order, and not assumpsit, *People v. Wayne County Auditors,* 5 Mich., 223; *Marathon v. Oregon,* 8 Mich., 372; *People v. Porter Township,* 18 Mich., 101; *Dayton v. Rounds,* 27 Mich., 82; *McArthur v. Duncan Township,* 34 Mich., 27; and even if the order is not regularly drawn, mandamus lies if the claim has been liquidated, *Peterson v. Manistee,* 36 Mich., 8, and if the claim has been adjusted but no order has been drawn, *People v. Macomb Supervisors,* 3 Mich., 475; where a certificate is necessary to the validity of a township order, and is only signed by the proper officers, their action adopts the signatures to the order itself, even though affixed by some one else, *Gardner v. Gardner,* 5 Cush., 483; where a husband signs his wife's name to her deed in her presence and by her direction, it is sufficient, *Frost v. Deering,* 21 Me., 156; where a wife in her husband's absence signed a deed in his name, his acknowledgment ratified it, *Bartlett v. Drake,* 100 Mass., 175; *Wood v. Goodrich,* 6 Cush., 117; *Burns v. Lynds,* 6 Allen, 309; *Videau v. Griffin,* 21 Cal., 392; *Kime v. Brooks,* 9 Ired., 219; *McKay v. Bloodgood,* 9 Johns., 285; *Ball v. Dunsterville,* 4 Term, 313; *King v. Longnor,* 4 B. & Ad., 647.

MARSTON, C. J.   Plaintiff commenced an action of assumpsit against the township and declared upon the common counts with a notice that upon the trial he would give in evidence one accepted highway order a copy of which is set forth.   The defense relied upon was that mandamus and not assumpsit was the proper remedy. The cause was tried by the court and a finding of facts made.

The court found that in 1872 Patrick Holden entered into a contract with the commissioners of highways, and performed work and labor thereunder amounting to between eight and nine hundred dollars, and that the same was accepted by the commissioners; that on December 25, 1872, a board acting as commissioners of highways, found due on this contract $323.50, and while the board was in session an order was drawn by the township clerk in proper form for the amount allowed. A copy of this order is given in the finding, and it purports to have been signed by George M. Quick and Henry J. Taylor, as highway commissioners, and signed across the face "G. Dehart, treasurer."

The court further finds that on the back of the order is the following:

"We hereby certify that the labor and material for which the within order is given has been performed and furnished to our satisfaction.

GEORGE M. QUICK,
HENRY J. TAYLOR,
Highway Commissioners;"

that the signatures of Quick and Taylor as appearing on the face of the order, were made by John F. Skying, township clerk, while all were present acting as a board; that Quick authorized the clerk to sign his name to the order, and that the testimony did not show whether Taylor expressly authorized the clerk to sign his name or not, or that he knew his name was signed to the face of the order, except as it may be inferred from the fact that it was done in his presence and he signed the certificate on the back himself; that there was no positive evidence showing that Taylor was commissioner of highways in fact, only that he acted as such; nor was there any evidence to show that the commissioners passed any resolution authorizing the clerk to sign their names to said order; that the certificate on the back of the order was signed by them while acting as such commissioners, and the words "highway commissioners", were printed thereon; that this order and the contract

were duly assigned to plaintiff; that the work done under the contract has never been paid for except by this order; that the plaintiff claims this order is invalid, and seeks to recover under the original contract, claiming $323.50 and interest thereon; that all the evidence concerning the meetings of the board was oral. No township records were introduced.

Upon this finding the court held that mandamus was the proper remedy, and judgment was rendered accordingly.

It will thus be seen that the material and only question presented is as to the validity of the order, and this depends upon the manner in which it was executed by the commissioners, as under the finding no question can arise in this case as to Taylor's right to act as one of the commissioners.

The statute provides that no money shall be drawn by the commissioners of highways from the township treasury, in payment of any labor contract, or materials furnished, except by an order signed by a majority of them, and accompanied by their certificate that the labor has been actually performed, etc. Comp. Laws, § 1245. The township clerk is made the clerk of the board of commissioners of highways, and it is his duty under their directions to record their proceedings, to keep an account of orders drawn by them, and perform other duties as prescribed by the statute. § 732.

The clerk, by virtue of his office as such, had no authority to sign the names of the commissioners to this order. Whether he could bind the town by signing their names to orders in their presence and under their directions, we need not in this case determine. The practice at all events, would be one not to be encouraged.

This case however goes farther. After the order was signed as stated, the commissioners with their own hands signed the certificate on the back thereof "that the labor and material for which the within order is given,

has been performed." The order given purported to be signed by them. It was signed in their name and presence, if not under their express direction. By the certificate made by them on the back of the order they thereby adopted what purported to be their genuine signatures on the face of the order as their own. In no other way can any force or effect whatever be given their certificate. Without this certificate the order was and could be of no possible force; it was incomplete, even although they had personally signed the same. By their farther act they sought to and did give force and currency to it as a completed transaction. This must have been their intention; if not, their certificate to and delivery of the order were meaningless. If either had been unable to sign his name and had directed another to sign for him, and this had been done in his presence, the act would have been good, whether he made his mark thereto or not. The mark is only evidence indicative of his act and intention to adopt the signature as his own. But this may as well be shown by any other clearly expressed act as by his mark.

We are of opinion that the order was valid and that the court was right in holding assumpsit not the proper remedy.

The judgment must be affirmed with costs.

The other Justices concurred.