D. R. MAUPIN ET AL. *v.* B. F. BERKLEY.

[Abstract Kentucky Law Reporter, Vol. 3—617.]

**Competency of Witness.**

> When a witness is incompetent to testify under Civ. Code (1876), § 606, subsec. 6, under a claim against the estate, but an heir of the estate is called as a witness by the administrator for the purpose of defeating a recovery, the evidence of such incompetent witness becomes admissible.

**Binding a Surety by the Act of His Agent.**

A surety is not bound by the act of an agent who signs the note for him, unless the authority of the agent is in writing signed by the principal, made in the presence of at least one creditable witness; but where the principal is present and holds or touches the pen when his name or mark is made executing a note, he signs as principal, and it is not material whether the person also holding the pen is his agent or not. He is bound on such instrument.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

February 7, 1882.

OPINION BY JUDGE PRYOR:

This action was instituted on a note for $578 against W. R. and D. R. Maupin, and a verdict and judgment rendered against them. The principal in the note, and John Maupin, who was also a surety, were not before the court or made parties. During the pendency of the action W. R. Maupin died and the suit was revived against his administrator. The order of revivor was made more than six months after the qualification, and although notice was given of the intention to revive within the six months, no objection was made at the time of revivor, and it is now too late to raise the question.

Both of the appellants pleaded non est factum, alleging in specific terms the alteration of the note after its execution and delivery to the payee. On this plea an issue was formed and a verdict under proper instructions rendered for the plaintiff. The verdict on this branch of the case was sustained by the proof and can not, therefore, be disturbed. It is assigned for error, however, that the plaintiff in the action was allowed to testify against the personal representative of W. R. Maupin. He was a competent witness, for the reason that John Maupin, who was an heir or devisee of W. R. Maupin, was introduced and examined in chief touching the issues made, and although his interest was slight, being an heir to the undevised estate amounting to forty or fifty dollars, he was interested in the result of the litigation, and having testified against the plaintiff, made the latter a competent witness. The plaintiff had previously testified as against D. R. Maupin, the living surety, but his testimony was expressly excluded in so far as it affected the liabil-

ity of W. R. Maupin's administrator; but when an heir of the
intestate was examined by the administrator for the purpose of
defeating the recovery, it was proper to permit the plaintiff to
testify, as is expressly provided by Civ. Code (1876), § 606, sub-
sec. c.    There is, therefore, no error in the judgment against W.
R. Maupin's administrator.    As to the appellant, D. R. Maupin,
a second defense was interposed, viz.: that he never executed the
paper nor authorized any one to execute it for him.   It appears
that he is blind and his name written in full with his mark in the
usual form.   He further alleges that the party signing his name
had no written authority to do so, or any authority in writing to
make his mark, etc.

   The appellee, for reply to this paragraph of the answer (No.
3), denies that the defendant never authorized the execution of
the note or that he did not sign the note or make his mark.  He
denies that the person who signed the name of the defendant
had no authority to do so.   There is no denial of the allegation
that the mark was made by another without written authority.
The traverse is, "he denies that the person who signed the same
had no authority to do so."   The authority might have been in
parol, and if so it was not binding on the surety, the statute ex-
pressly providing that to bind the surety the authority to exe-
cute the note or obligation for the surety must be in writing.
There was no issue on this defense for the jury to try, and the
verdict should have been for the appellant, D. R. Maupin.   The
court below holding the traverse sufficient, the case went to the
jury on testimony conflicting as to the manner in which the sig-
nature or mark of this appellant was made to the note.   The
proof for the plaintiff, the principal obligor being the witness,
is to the effect that this was a note in renewal of other notes for
which the appellants were bound as surety, and that after ex-
plaining fully the nature of the note and its amount the name of
the appellant, D. R. Maupin, was written by the witness, the
appellee, with appellant's own hand hold of the pen as the sig-
nature was being made, and that appellant made his mark. This
is denied by the appellant, insisting that no such authority was
given and that he never touched the pen nor knew his mark was
made.

   As the case must go back for another trial it is proper to again

construe the statute with reference to the liability of sureties. The Gen. Stat. (1881), Ch. 22, § 20, provides that "No person shall be bound as the surety of another, by the act of an agent, unless the authority of the agent is in writing signed by the principal; or if the principal do not write his name, then by his sign or mark, made in the presence of at least one creditable attesting witness." This provision of the statute applies alone to the mode of executing a power under which the agent is authorized to sign the name of the principal.

Here the appellant took hold of the pen and the witness wrote his name, the appellant then making his mark. The act was in fact done by the principal in person, and the question of agency, if the witness for the appellee is to be believed, does not arise. A witness must attest the written authority only, and no attestation is necessary when the surety participates in its execution by making his mark or holding the pen as another makes it for him. Suppose the appellant had not been blind, and made his mark as testified to by the witness for the appellee. Can it be doubted that this would be the act of the principal and not the agent? The fact of his being blind might, and doubtless would, cause the court and jury to be cautious in enforcing the liability; still, if the proof, as in any other case, is sufficient to satisfy the minds of the jury that the appellant made his mark to the paper, knowing the nature of the obligation he was signing, the judgment should go against him. In arriving at such a conclusion the testimony on both sides of the issue will be weighed, for we are only discussing the question as if there were no testimony for the appellant. It must be recollected that the appellant's testimony is in direct conflict with that offered by the appellee, and it is the province of the jury to pass on the questions of fact. Our attention has been called to Civ. Code (1876), § 732, defining the words "signature or subscription." The words "signature" or "subscription" and words of like import include a mark by or for a person who can not write, if his name be subscribed to an instrument and witnessed by a person who is near thereto, and writes his own name as a witness. The Civil Code is intended to regulate the practice in civil cases, and it is in reference only to the executon of such instruments as is required to be executed under the provisions of the code that this construction or

definition of the word "signature" can apply.  . The title of the code, viz.: "An act regulating practice in civil cases," would be misleading if it undertook to determine the validity of contracts and the execution of ordinary obligations creating personal liabilities.  The provision referred to was intended to apply and can only apply to the execution of such bonds or obligations, or other writings, as are incidental to the remedies provided in the prosecution of actions or special proceedings regulated by the code.

As the pleadings stood in this case the appellant was entitled to the verdict and judgment, and for that reason the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.  As to W. R. Maupin, administrator, the judgment is *affirmed*.

*J. M. Nesbitt, W. H. Holt, for appellants.*

*Reid & Stone, for appellee.*

. [Cited, *Terry v. Johnson,* 109 Ky. 589, 22 Ky. L. 1210, 60 S. W. 300; *Meazels v. Martin,* 93 Ky. 50, 13 Ky. L. 958, 18 S. W. 1028.]