CASE 74—PETITION ORDINARY—December 18.

98 451
e109 594

# Staples v. Bedford Loan and Deposit Bank.

### APPEAL FROM TRIMBLE CIRCUIT COURT.

SURETIES—SIGNING BY MARK.—One who signs his name to a note as surety by making his mark is bound thereby, even though there be no attesting witness. The statute which provides that no person shall be bound as the surety of another by the act of an agent, unless the authority of the agent is in writing, has no application to such a case, as the making of the mark, which constitutes the signature, is the act of the surety himself and not of an agent.

J. D. CARROLL AND J. BARBOUR FOR APPELLANT.

When the surety does not write his name, the statute requires that his authority to the agent who does write his name shall be in . writing and provides how that writing shall be executed.    The fact that the surety is present when his name is signed to the note does not dispense with the written authority.    And the mere attestation by the principal does not add anything to the force of the signature.    (Billington v. Commonwealth, 79 Ky., 400; Ragan v. Chenault, 78 Ky., 547; Wilson v., Louisville, 95 Ky., 50; Commonwealth v. Magoffin, 15 Ky. Law Rep., 775; Dawson v. Lee, 83 Ky., 49; First National Bank v. Gaines, 87 Ky., 598.)

R. F. PEAK FOR APPELLEE.

Appellant's signature was not the act of an agent, but the act of appellant himself, as it is not the name but the mark which constitutes the signature.    (Gen. Stats., sec. 482; Maupin v. Berkley, 3 Ky. Law Rep., 617; Overfield v. Overfield, 17 Ky. Law Rep., 313.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Intending to bind himself as surety for G. M. and W. R. Morgan on a note for $1,200, executed to the appellee, the appellant, not being able to write, made his mark thereto between the words "James" and "Staples," written by W. R.

Morgan, who also attested the signature or mark of the appellant. In this form the note was sent to and accepted by the bank. When sued on it the appellant pleaded *non est factum*. He admitted making his mark, but his contention was that under section 482, Kentucky Statutes, he was not bound. Whether he was or not is the sole question on this appeal. The statute reads as follows: "No person shall be bound as the surety of another by the act of an agent unless the authority of the agent is in writing, signed by the principal; or, if the principal do not write his name, then by his sign or mark, made in the presence of at least one creditable attesting witness."

The argument is that if the principal (the surety) do not write his name, then the authority of the agent to sign it must be by a writing, signed with the mark or sign of the principal, made in the presence of at least one creditable witness, who shall attest it. And of what value, say counsel, is a power of attorney which is required to be attested by at least one creditable witness, if it can be attested by the party upon whom the power is conferred? Why require at least one credible witness where the party upon whom the power is conferred is himself a credible witness to prove his power? And would not his own act, if full credit is to be given him, show his authority?

If we had under consideration a case involving the execution of a note by an agent, or by means of a power of attorney, the argument of counsel would seem plausible enough. However that may be, we have no such state of case here. The note on which the appellant is sought to be held liable was not signed by an attorney in fact or agent, but by the appellant himself. The making of his mark or sign was his own act, and if there was no witness at all to it

he would be bound, provided it could be shown that he in fact made the mark or sign.   The statute has no application. Morgan was not the agent of Staples in the execution of the note, and the words          his

James Staples

mark

do not constitute the signature of the appellant, but the cross-mark or sign is that signature.   It may be that, had Staples denied making the mark, some trouble might have been experienced in proving it satisfactorily; but the statute was not intended, we suppose, to prevent all the evils that could arise out of the execution of written obligations.   It applies only where an agent seeks to bind his principal as surety by himself signing the surety's name to the obligation—a state of case not presented here, if we are right in saying that the signature of Staples consisted in his sign or mark made by himself.   If that signature consisted of the words "James Staples," written by Morgan, then, indeed, the surety is not bound.

A "mark" for a name or signature is most often the sign of the cross made in a little space between the Christian name and the surname, and the word "his" is usually written above the mark, and the word "mark" below it (2 Bla. Com., 305), and when so made, though it may be made otherwise, it is a signature or a signing in law.   (Maupin, &c. v. Berkley, 3 Ky. Law Rep., 617.)

Judge Bouvier, in his Dictionary, says: "It is not necessary that a party should write his name himself to constitute a signature; his mark is now held sufficient, though he was able to write."   Citing a number of authorities.

In Meazels v. Martin, 93 Ky., 50, it was held that where one signs his name to a mortgage by making his mark it is a good

signature, although not attested by a witness, and further that the statute under consideration did not apply where a party signed his own name by his mark to the document by which he is to be bound.

The judgment below conforms to these principles and must be affirmed.