## W. J. Fell Company v. Elswick, Sr., Admr., etc.

(Decided May 2, 1922.)

### Appeal from Pike Circuit Court.

1. Master and Servant—Workmen's Compensation Act—Acceptance —Sufficiency of Signature.—Under Kentucky Statutes, section 4957, providing that an election to operate under the provisions of the Workmen's Compensation Act "shall be effected by the employe by signing the following notice," and further providing that "the election shall be effective from and including the date of signing, which shall be inserted opposite the employe's signature," and that "in case an employe be unable to write, his mark shall be witnessed by a third person, etc.," the method prescribed is

not exclusive and does not necessarily prohibit any other method legally sufficient to accomplish the same result, such as the signing by another in the employe's presence and at his direction.

2. Master and Servant—Workmen's Compensation Act—Acceptance —Sufficiency of Signature.—Where in a servant's action for death, the employer filed a plea to the jurisdiction of the court, based on the claim that the servant had accepted the provisions of the Workmen's Compensation Act, and it was made to appear that the employer kept a register for employes to sign, that the servant's name appeared in the register immediately preceded and followed by other names, that his name was written and witnessed by the foreman charged with the duty of keeping the register and obtaining the signatures of employes, and that the foreman, though not recalling the circumstances under which the servant signed, testified that it was not his custom to write any name unless authorized by the employe to do so, the evidence was sufficient to show that the foreman signed and witnessed the name of the servant in his presence and at his direction, and that the servant had thereby accepted the provisions of the act.

AUXIER, HARMON & FRANCIS for appellant.

ROSCOE VANOVER and CHILDERS & CHILDERS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

In the month of October, 1917, Thomas Elswick, Jr., was engaged with John Compton in cutting timber for the W. J. Fell Company, a corporation. Two or three days before the accident, Compton and Elswick had cut down a large tree which rolled down a hill and lodged against a dead tree. They then proceeded to cut and saw into stave bolts the trees which they had previously felled and to roll them down the hill. After finishing this work, they went to a point about thirty feet below the dead tree for the purpose of sawing down another tree. After they had been engaged in this work about an hour, the dead tree fell on Elswick and killed him.

Thomas Elswick, the father of the deceased, qualified as his administrator and brought suit to recover damages for his death. Among the defenses interposed by the defendant was a plea to the jurisdiction of the court based on the claim that both it and the deceased had accepted the provisions of the Workmen's Compensation Act. After hearing evidence on the question, the court overruled the plea to the jurisdiction. The case was then submitted to a jury which returned a verdict in favor of plaintiff for $4,500.00. The defendant appeals.

The only question we deem it necessary to determine is whether Thomas Elswick, Jr., had accepted the provisions of the Workmen's Compensation Act.

Section 4957, Kentucky Statutes, is as follows:

"Election to operate under the provisions of this act shall be effected by the employe by signing the following notice, to-wit:

"I hereby agree with (name of employer) to accept the provisions of chapter (33) Acts of 1916, commonly known as the Kentucky Workmen's Compensation Act.

"The election shall be effective from and including the date of signing, which shall be inserted opposite the employe's signature. In case an employe be unable to write, his mark shall be witnessed by a third person, who shall at the time read the notice to the employe. Any number of employes may sign the same notice, provided that there be conspicuously written or printed at the top of each page thereof on which signatures appear a copy of the above form of notice. If the employment be intermittent or be temporarily suspended, the original acceptance of the employe shall continue effective in subsequent employment under the same employer.

"Identification of such signature or mark of the employe shall constitute conclusive proof of his election to operate under the provisions of this act, in any hearing or proceeding in which such election may be material or in issue."

Section 4987, Kentucky Statutes, is as follows:

"The rule of law requiring strict construction of statutes in derogation of the common law shall not be applicable to the provisions of this act. If any section or part thereof shall be held invalid, such partial invalidity shall not affect the act as a whole or any other section or part thereof."

In the register provided by the company for the signatures of its employes who desired to accept the provisions of the Workmen's Compensation Act appears the name of John Compton, the foreman, under date of July 31st, also the following under date of August 7th: "Thomas Elswick, wit. by R. L. Spradling." Spradling testified that he was furnished the register for the purpose of having the employes sign. When the men could not write, they would ask him to write for them. Though he did not know Thomas Elswick, Jr., he was sure that the signature was in his handwriting. He did not witness any names on the book that were not given him as the

name of the man that was signing up at the time. On cross-examination he stated that he did not think that Thomas Elswick touched the pen.

It is the contention of appellee that an employe's acceptance of the provisions of the Workmen's Compensation Act is not valid unless signed by him in person, or by mark witnessed by another. It must not be overlooked that the essential feature of the act is the acceptance of its provisions, and in view of the requirement that the act be liberally construed, and of the manifest injustice that would often result from the ignorance of those who signed, as well as the ignorance of those who procured their signatures, it seems to us that where both employer and employe manifest their purpose to abide by the act by a signing which substantially complies with the statute, their purpose should not be defeated by a narrow and technical construction. After providing that ''election to operate under the provisions of this act shall be effected by the employe by signing the following notice,'' the statute says, ''The election shall be effective from and including the date of signing, which shall be inserted opposite the employe's signature. In case an employe be unable to write, his mark shall be witnessed by a third person, etc.'' The statute does not in terms provide for a signing in person or by mark. It merely provides for a signing and then adds, ''In case an employe be unable to write, his mark shall be witnessed, etc.'' In other words, it provides that if an employe unable to write does sign by mark, his mark shall be witnessed. That being true, it seems to us that the method of signing prescribed by the statute is not exclusive, and therefore does not necessarily prohibit any other method legally sufficient to accomplish the same result. It has long been the settled rule in this and other jurisdictions, that where a person's name is signed for him at his direction and in his presence by another, the signature becomes his own and is sufficient to give the same validity to an instrument as though written by the person himself, Irvin v. Thompson, 4 Bibb 295; Middleton's Admr. v. Hensley, 52 S. W. 974, 21 Ky. L. R. 703; Middlesboro Waterworks Co. v. Neal, 105 Ky. 586, 49 S. W. 428; Phoenix National Bank v. Taylor, 113 Ky. 61, 67 S. W. 27; Clark v. Latham, 25 Ark. 16; Handyside v. Cameron, 21 Ill. 588, 74 Am. Dec. 119; Croy v. Busenbark, 72 Ind. 48; Stevens v. Getchell, 11 Me. 443; Just v. Wise, Tp. 42 Mich. 573, 4 N. W. 298; Hotchkiss v. Cutting, 14 Minn.

537; and we perceive no reason why this method of signing may not be adopted by an employe who desires to accept the provisions of the Workmen's Compensation Act. In this case the employer kept a register for the employes to sign. Elswick's name appears in the register immediately preceded and followed by other names. His name was written and witnessed by the foreman charged with the duty of keeping the register and obtaining the signatures of employes. Though not recalling the circumstances under which Elswick signed, the foreman says that it was not his custom to write any name unless authorized by the employe. In our opinion this evidence was sufficient to show that the foreman signed and witnessed the name of Elswick in his presence and at his direction, and that Elswick had thereby accepted the provisions of the act. It follows that the plea to the jurisdiction of the court should have been sustained.

Judgment reversed and cause remanded for proceedings consistent with this opinion.

Whole court sitting.