## Pardue v. Webb.

(Decided March 23, 1934.)

V. H. BAIRD and BAIRD & GARNETT and CRABTREE & WILLIAMS for appellant.

DENHAM & CARTER and LAWRENCE & CARTER for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

At the November, 1933, election the appellant, H. M. Pardue, and Will Webb, were opposing candidates for member of the county board of education in district No. 1, Monroe county, Ky. Pardue received a majority of votes and was awarded the certificate of election and qualified for the office.

Webb filed his contest suit in the Monroe circuit court setting up a number of grounds of contest, one of which was that the ballots cast in the election for himself and contestee, in Fountain Run voting precinct No. 12, which gave Pardue a majority, were not signed in person by any one of the judges of the election as required by section 1460, Kentucky Statutes, as amended.

by the Acts of the General Assembly 1932 (chapter 82, sec. 1). Pardue filed answer and counter contest making similar charges against Webb and charged that the ballots in Cedar Hill precinct No. 19, which gave Webb a majority, were not signed in person by any one of the judges of the election. The above two precincts gave Pardue 329 votes and Webb 113 votes.

The circuit court held that the ballots cast in these precincts were void for reasons they were not signed in person by one of the judges of the election, and deducted from Pardue's total vote the 329 ballots cast in the above precincts, and likewise deducted the 113 votes cast for Webb, resulting in a net gain of 216 votes for Webb in the two precincts, which determined the result of the election in favor of Webb. The court adjudged Webb to be entitled to the office. Pardue appeals.

On this appeal neither party insists on any of their respective grounds of contest and counter contest, except those relating to the ballots cast which were not signed in person by one of the judges of the election. It is conceded and agreed by the parties that on the morning of the election the judges of the election in precincts No. 12 and No. 19, respectively, told the clerk of the election to sign the name of one of the judges on the back of each ballot on the line designated for that purpose, and pursuant to this agreement and understanding, the clerk did sign the name of one of the judges as directed by them, and delivered the ballots to the voters, which ballots were voted by the voters and deposited by them in the ballot box. Each party rests the case upon the question whether or not this was a substantial compliance with the statute, supra.

Section 1460, Kentucky Statutes, as amended by the 1932 Acts of the General Assembly (chapter 82, sec. 1), among other things, provides that "* * * one of the judges shall sign his name on such blank line * * *." Thus, the question to be determined is whether or not the signing of the ballots by the clerk of the election at the request and direction of the judges was a substantial compliance with the Statutes, supra. Statutes requiring officials or other persons to sign documents have heretofore been considered by this court. Section 1060 of the Kentucky Statutes, relating to county court records, in part reads:

"The judge shall cause all orders and judgments of

the county court to be spread by the county clerk upon the record-book to be kept for that purpose. The records shall show the day upon which the court was held, and by whom, *and shall be signed by the county judge, or the special judge who presided when the record was made * * *.''* (Italics ours.)

This statute was construed by this court in the case of Middleton's Adm'r v. Hensley, 52 S. W. 974, 21 Ky. Law Rep. 703, where the county judge's name was signed by a deputy clerk to the orders of the county court relating to the appointment of a guardian and the approval of the guardian bond. It was argued in that case that the records or orders thus signed by the clerk were invalid. This court held that the name of the judge so signed by the clerk was sufficient. The court said:

"The county judge may make his signature to the record in the same way as he might to other documents. In the absence of other statutory regulation, a person's signature may be made by his own hand or by the hand of another, in his presence and by his direction. Thus, it has been repeatedly held that a writ is not invalid where the name of the magistrate is signed to it by another, in his presence and by his authority. Hanson v. Rowe, 26 N. H. 327; Cushman v. Wooster, 45 N. H. 410; Achorn v. Matthews, 38 Me. 173; Richardson v. Bachelder, 19 Me. 82; Stevens v. Ewer, 2 Metc. [Mass.] 74. The same rule has been followed under statutes requiring the signature of the commonwealth's attorney to an indictment [Hamilton v. State, 106 Ind. 361, 7 N. E. 9]; and the signature of the attorney to a pleading. Mezchen v. More, 54 Wis. 214, 11 N. W. 534. So, also, with a return on a fi. fa. made by a constable [Ellis v. Francis, 9 Ga. 327]; or the signature of an attesting witness to a will. Lord v. Lord [58 N. H. 7], 42 Am. Rep. 565.''

To the list of authorities in the Middleton-Hensley Case, sustaining our construction of section 1060, may be added Equitable Life Assur. Soc. of the U. S. v. Meuth et al., 145 Ky. 160, 140 S. W. 157, Ann. Cas. 1913B, 661; Commonwealth v. Campbell, 45 S. W. 89, 20 Ky. Law Rep. 54; Staples v. Bedford Loan, etc., Bank, 98 Ky. 451, 33 S. W. 403, 17 Ky. Law Rep. 1035; Lamaster v. Wilkerson, 143 Ky. 226, 136 S. W. 217, 218;

Ledford v. Hubbard, 219 Ky. 9, 292 S. W. 345, 348; Gentry's Guardian v. Gentry, 219 Ky. 569, 293 S. W. 1094.

The authorities agree that a form of signature prescribed by statute is not exclusive of any other method legally sufficient to accomplish the same result. W. J. Fell Co. v. Elswick, 194 Ky. 641, 240 S. W. 373. See cases supra. Also a party may adopt a signature written for him by another. See cases supra. In Lamaster v. Wilkerson, the statute requiring notes signed by graded school trustees involving an election to submit a bond proposition to the voters, we said:

"In legal contemplation 'to sign' means to attach a name, or cause it to be attached, by any of the known methods of impressing the name on paper, with the intention of signing it. [7] Words and Phrases [First Series], 6512. In 36 Cyc. 448, we find this statement of the law on the subject: 'Signatures adopted by persons are sufficient to give validity to instruments, even though typewritten or printed.' Herrick v. Morrill, 37 Minn. 250, 33 N. W. 849, 5 Am. St. Rep. 841."

In Ledford v. Hubbard, a signature to a nominating petition under section 1453, Kentucky Statutes, relating to elections, we expressly held that a signature contemplated by this section was either a personal signature or one made by another in the presence of the person whose name was signed. In discussing the subject we used this language:

"It has long been the settled rule in this and other jurisdictions that where a person's name is signed for him, at his direction, and in his presence, by another, the signature becomes his own, and is sufficient to give the same validity to an instrument as though written by the person himself. W. J. Fell Co. v. Elswick, 194 Ky. 641, 240 S. W. 373; Irvin v. Thompson, 7 Ky. [4 Bibb] 295; 36 Cyc. 451; 13 C. J. 307, sec. 130; 40 Cyc. 1103; Savage v. Bulger, 76 S. W. 361, 25 Ky. Law Rep. 763; Id., 77 S. W. 717, 25 Ky. Law Rep. 1269; Upchurch v. Upchurch, 55 Ky. [16 B. Mon.] 102; Middlesboro Water Works v. Neal et al., 105 Ky. 586, 49 S. W. 428, 20 Ky. Law Rep. 1403; 27 C. J. 287, sec. 356. See, also, the more than fourscore of cases from England and states of this Union cited in the case of Pierce v.

Dekle et al. [61 Fla. 390, 54 So. 389], reported in Ann. Cas. 1912D, 1355, and the notes following. This rule is based upon the familiar maxim, 'qui facit per alium facit per se.' When a subscriber's name is written for him by another in his presence and by his parol authority, the act is deemed to be his as much as if he had done it in person, and the person actually writing the name is regarded, not as an agent, but as a mere instrument or amanuensis.''

See authorities cited under notes 18 and 19, page 719, of 58 C. J.

A comparison of the section of the statute here involved with sections 1060, 1453, and many others requiring signatures to process and other documents referred to in the statute, it will be observed that to distinguish the section here involved from those elsewhere in the statutes dealing with or requiring signatures, would do violence to the language of the statutes and require a disregard of our construction of similar statutes covering the words ''signature'' or ''sign.''

In the recent case of Wurts v. Newsome, 253 Ky. 38, 68 S. W. (2d) 448, the judge of the election stamped his name on the back of the ballot with a rubber stamp instead of writing his name. We held that his name thus appearing on the ballot was sufficient to identify the ballots. We said:

''In numerous contests that have come before this court, the successful candidate has lost by the failure of one of the judges, either through ignorance, mistake, or fraud to sign the ballots. In the circumstances we are not inclined to go further and adopt a construction so technical as to make the situation even worse. A rubber stamp identifies the ballot just as clearly as the written signature of the judge. If not placed on the ballot either by him, or some one else in his presence, and at his direction while the election is being conducted, that may be shown in a contest just as it may be shown that the written signature appearing on the ballot was not his act.''

In the case of Costilla Estates Dev. Co. v. Mascarenas, 33 N. M. 356, 267 P. 74, the Supreme Court of New Mexico held that under a statute requiring the clerk of the court to sign his name to a certificate show-

ing the date of signing the papers, a rubber stamp may be used to affix his signature.

A strict or technical construction of a statute will not be resorted to when such construction would contradict the intendment or purpose of the statute. The sole purpose of the statute under consideration is to guard against fraud by substituting ballots. There is no intimation or claim that the ballots in question were tampered with or substituted for those stenciled and deposited in the ballot box by the electors. The fact that the judge's name was written on the ballots by the clerk instead of being written by the judge in person, no harm could result. To hold otherwise would be a disfranchisement of the voters of the precincts involved.

In view of the facts disclosed by this record, measured to the authorities herein cited, we are forced to the conclusion that the signing of the ballots by the clerk, at the request of and in the presence of the judges of the election, was a substantial compliance with the statute, and that all the ballots so signed should have been counted.

Therefore, the judgment is reversed and remanded for proceeding consistent with this opinion.

Whole court sitting.