Judge Crenshaw
delivered the opinion of the Court.
Whether the attachment, under which the bond in this case was taken, had been levied or not, it was in the hands of the sheriff, and the obligors in the bond had a'right to regard it as levied, orto dispense with its levy, and to execute abond to the plaintiff to pay the debt, in order to prevent alevy. A bond thus to be executed, does not seem to be withiu the contemplation of the constructors of the Code of Practice. But, although it was not executed in pursuance, and in accordance with the provisions of the Code, there not appearing to have been any levy of the attachment, the obligors, Cook and Bruce at least, saw proper to execute it, and thereby prevent a levy; and it is a good common law bond, and obligatory upon the defendant, Cook, unless he can be exonerated by the matter set up in his defence.
His defence, we think, cannot avail him. The names of Bruce and Hanley had been signed to the bond, when it -was presented to him for his signature; and he may have supposed that the sheriff had discharged his duty, in being present, and in seeing that the name of Hanley had been properly placed to the bond ; but, if deceived in this respect, it was not at the instance, nor was it the fault of the plaintiff. Nor should the sheriff, in our opinion, be regarded as the agent of the plaintiff in taking the bond, so as to render the plaintiff responsible for the neglect of duty on the part of the sheriff. The sheriff was the officer of the law, to whom the plaintiff was bound to entrust the execution of his attachment, and, after the delivery of the attachment into his hands to be levied, the plaintiff concerned himself no further with it, trusting to the officer whom the law had appointed for the purpose, to discharge his duties, and to execute his attachment. The sheriff, instead of making a levy in obedience to the command of the writ, suffered the defendant therein to execute a bond with surety to pay the debt. This bond was not executed at the instance of the plaintiff but at the *560 instance of Bruce, the defendant in the attachment, with whom Cook united as surety. The sheriff in this intance, was rather the agent of the obligors in the bond, than the agent of the plaintiff. The bond was executed at the instance of Bruce, and for his relief from the attachment; and it was at his instance that Cook became an obligor therein.— Under such circumstances, we do not think it right that the plaintiff should be prevented from looking to the bond for indemnity, and be turned round to an action against the sheriff, for any supposed breach of duty on his part; but rather, that the defendant, Cook, if deceived and injured by a neglect of duty by the sheriff, should seek redress from him. Besides, although Cook alleges that he signed the bond because the name of Hanley was to it, and states that he would not have done so, but upon the supposition that Hanley’s name was rightfully subscribed, he offers no proof whatever that the name of Hanley was worth anything. Hauley may have been worth little or nothing; at any rate, the sheriff esteemed him insufficient surety for $400.
The principle mentioned in Chitty on Contracts, to which we have been referred by counsel, is not very definitely stated, and does not, we apprehend, apply to the facts of this case. If any assurances are held out by the obligor in a bond or note, to one whose signature he is about to procure, that others are also to sign the same; or, if the obligor present to him a note or bond with the signature of others, upon the faith of which he also signs the same, and these assurances are violated, or, the signatures already to the instrument are not genuine, the principle mentioned might be applied with some propriety.— But, in a case like this, where the obligor has done nothing to deceive the party, we do not think the principle ought to be applied.
Wherefore the judgment is affirmed.