## THE BOARD OF SUPERVISORS OF OCONTO COUNTY VS. HALL, imp.

COUNTY: CONTRACT: PLEADING. *(1) Misdescription of obligee. How instrument declared on. (2) Action by supervisors on obligation to county. (3) Voluntary obligation to county held valid. (4) Foreclosure of two mortgages in one action.*

1. Where a note and mortgage given to secure an indebtedness to a county run in terms to the *supervisors* of such county or their successors in office, they may be declared upon as obligations *to the county*, and the misdescription of the obligee will not vitiate them.

2. An action on obligations due the county may be brought in the name

of the board of supervisors. *Bullwinkel v. Guttenberg*, 17 Wis., 584; *Cairns v. O'Bleness*, 40 id., 469.

3. Notes and mortgages given by a defaulting county treasurer to secure payment of the amount due from him to the county, *held* valid as voluntary obligations taken as additional security for the indebtedness; the question whether the county board had any power to compound its claim against the treasurer, or to release in whole or in part the right of action upon his official bond, not being presented by the pleadings, notwithstanding an averment in the complaint that said notes and mortgages were accepted by the county in full settlement and payment of so much of the treasurer's indebtedness as was equal to the face of the notes.

4. *Two* mortgages of undivided interests in the same land, executed at the same time, to secure the same debt, may be foreclosed in the same action.

APPEAL from the Circuit Court for *Oconto* County.

This action was brought in August, 1875, against Richard L. Hall and his wife, and *Ben. R. Hall*, to foreclose two mortgages, both executed April 2, 1873, to secure payment of four promissory notes of the same date, made by Richard L. Hall, and running, as do the mortgages, to "the supervisors of Oconto county, state of Wisconsin, or their successors in office." One of these mortgages was executed by Richard L. Hall and wife, and the other by *Ben. R. Hall*, and each conveyed an undivided one-third part of certain land, the description of the land itself being the same in both. The complaint alleges that the notes were given for the purpose of securing the payment of the sums named therein *to the county of Oconto;* that the mortgages were executed to secure payment of the notes to said county; and that the several instruments were delivered to, and are owned and held by, the county. It further alleges that, previous to the making of said instruments, Richard L. Hall had been the treasurer of Oconto county, and, while acting as such, had received and converted to his own use a large amount of money belonging to the county, to wit, more than $50,000, no part of which has ever been repaid by him; that the instruments in suit were executed by all the defend-

ants with the sole design of conveying or pledging to the said county, as security for a portion of said debt, the real property described in the mortgages; that the words, " the supervisors of Oconto county or their successors in office," were written in said instruments by the mutual mistake of the defendants and the officers and agents of the county, who believed that that was the corporate name by which the county was empowered to contract and be contracted with; and that they were delivered to and accepted by said county " as full settlement and payment of so much of the indebtedness of the defendant Richard L. Hall to the said county ....., as equals the amount represented on the face of said notes, with interest thereon." After other allegations usually found in complaints in such actions, the complaint prays for a reformation of the several instruments by substituting therein the words " the county of Oconto " as the name of the payee and mortgagee, and also contains the usual prayer for a foreclosure, etc.

The defendant *Ben. R. Hall* demurred to the complaint, on the grounds, among others, that the plaintiff had no legal capacity to sue; that several causes of action had been improperly united; and that sufficient facts to constitute a cause of action were not stated; and he appealed from an order overruling the demurrer.

For the appellant, a brief was filed by *Fairchild & Fairchild*, and the cause was argued orally by *H. O. Fairchild*. They contended,   1. That the instruments sued upon are void, because no person competent to contract is named therein as payee or mortgagee, " the supervisors of Oconto county or their successors in office " being neither the name nor a sufficient description of either an artificial person or a natural person or persons. *Jackson v. Cory*, 8 Johns., 385; *Hornbeck v. Westbrook*, 9 id., 74; *Owens v. The Missionary Society*, 14 N. Y., 385; *Chauncey v. Arnold*, 24 id., 330; *Grimes' Ex'rs v. Harmon*, 35 Ind., 198, and cases there cited; *People v. Oakland County Bank*, 1 Doug. (Mich.), 282; 1 Greenl.

Ev., § 300; 3 Washb. on R. P., 237, 239. 2. That the instruments could not be reformed so as to give them validity; that the mistake alleged was a mistake of law, since the name in which a county is authorized to contract is prescribed by statute (Tay. Stats., 291, § 2, and 292, § 7); that there is no pretense that the words inserted in the instruments to describe the payee and mortgagee, are not the very words which both parties intended to have inserted; that against such a mistake of law equity cannot relieve (Story's Eq. Jur., §§ 113–115, 137, note 1, 164 g; 2 Parsons on Con., 496; Adams' Eq., 169 et seq.; *Marquis of Townshend v. Strangroom*, 6 Vesey, 332; *Garnar v. Bird*, 57 Barb., 277; *Upton v. Tribilcock* (U. S. Sup. Ct.), 13 Alb. L. J., p. 24; *Martin v. Hamlin*, 18 Mich., 364; *Holmes v. Hall*, 8 id., 69; *Hurd v. Hall*, 12 Wis., 124; *Rochester v. Alfred Bank*, 13 id., 440; *Neff v. Rains*, 33 id., 689); that parol evidence was not admissible to show that the parties intended by the language used something different from what it expresses (1 Greenl. Ev., §§ 300, 301, note 1; 2 Waite's Law & Pr., 453 et seq.; Chitty on Con., 103, note (e), and cases cited; 2 Parsons on Con., 496; 1 Redf. on Wills, 573, § 2, and note; Walker's Ch. (Mich.), 267, 523; *Adair v. Adair*, 5 Mich., 210; id., 222; 19 id., 82; *Waugh v. Waugh*, 28 N. Y., 94; *Charter v. Otto*, 41 Barb., 525; *Barton v. Babcock*, 28 Wis., 192, and authorities above cited); and that the demurrer does not admit the allegations of the amended complaint as to the *intentions* of the parties, since those allegations are immaterial. 3. Counsel also contended, at considerable length and with copious citation of authorities, that the "arrangement of composition and payment," in pursuance of which the instruments in suit are alleged to have been given, was not within the powers of the board of supervisors; and that, if the board possesses such a power under certain conditions, no facts are alleged to show a legal exercise thereof in this case.

For the respondent, the cause was submitted on the brief

of *W. H. Webster.* He contended, 1. That courts of equity now sometimes reform instruments for mistakes of law (3 Parsons on Con., 398, and cases there cited), but that the mistake here in question was one of fact, relating to the true corporate name by which the county was empowered to contract, and was not a mistake as to the legal effect of the terms used. 2. That the county board is authorized to settle and compromise claims of the county, and might take the securities here sued upon, instead of putting the defaulting treasurer's bond in suit, if in their judgment that course would promote the best interests of the county; and that fraud will not be presumed, but on the contrary it will be presumed that good reasons existed for taking these securities in part payment of the treasurer's deficit. *State v. Clark,* 4 Ind., 315; *Board of Commissioners v. Saunders,* 17 id., 437.

COLE, J. We cannot see that any reformation of the notes and mortgages is necessary. They were given to the county of Oconto for its benefit, and the county owns them. These facts appear from the complaint. It is true, the notes are made payable to the supervisors of Oconto county or their successors in office, instead of being made payable to the county of Oconto, and there is the same misdescription of the name of the mortgagee. But it seems to us this mistake should be treated as immaterial, so long as it appears that the securities were intended to be executed to the county for its benefit, and that the county now owns them. An action brought in the name of the supervisors, and not in the name of the town, was sustained in *Bullwinkel v. Guttenberg,* 17 Wis., 584; *Cairns v. O'Bleness,* 40 id., 469. As the securities are intended to secure the county against loss, a mere technical defense should not be favored. Dillon on Mun. Corp., § 155. Where a bill or note is informal, it may be stated according to its terms, with an innuendo of its meaning. Chitty on Bills, p. 566. "If the rules of law prevent

the instrument declared on from operating according to the words of it, it may, *ut res magis valeat quam pereat*, be stated to have been made in such a manner as the law will give effect to it, though there may be a verbal variation between that statement and the instrument itself." *id.* "A misdescription of the character of the payee will not vitiate, provided it can from the whole instrument be collected who was the party intended." Chitty on Bills, p. 157; *The King v. Box*, 6 Taunt., 325. Where a person does business under an assumed name of trade, with an honest purpose, and a note is made payable to that assumed name as payee, the real party may sue thereon, and prove his interest and identity. *Bryant v. Eastman*, 7 Cush., 111. In the light of these authorities, these securities could surely be counted on as obligations to pay Oconto county by the name of the supervisors of Oconto county or their successors in office; and consequently no reformation of the contracts would seem necessary.

The mortgage given by *Ben. R. Hall* is doubtless valid as a voluntary obligation. *Lewis, Gov., v. Stout*, 22 Wis., 234; *Cook v. Boyd*, 16 B. Mon., 556; *Emanuel et al. v. Laughlin*, 3 Sm. & M., 342; *Garretson v. Reeder*, 23 Iowa, 22. It was given to secure the payment of the notes of Richard L., the debtor of the county, and we can perceive no objection against its foreclosure.

It is stated in the complaint that all the notes and mortgages were given and accepted in pursuance of an arrangement entered into between the county and Richard L. Hall, who was indebted to the county in a large amount for moneys which he had converted to his own use while acting as the treasurer of the county. It is objected that the supervisors of the county had no authority to make such an arrangement with its defaulting treasurer, or compound a claim of the county against him. We suppose the county board might take additional security for a debt due the county; and this is what, upon the face of the complaint, the transaction would seem to

The Board of Supervisors of Oconto County vs. Hall, imp.

amount to. What principle of statutory or common law con-
demns such an arrangement? Cannot the board, in looking
after the concerns and guarding the interests of the county,
take security for the payment of a debt? But it is said that
the treasurer is required to give a bond to account for all
moneys which shall come to his hands by virtue of his office,
and that, whenever the condition of the bond is forfeited, it is
the duty of the board to put the bond in suit. Ch. 13, secs. 122,
123, and 136. There is nothing in this case which shows that
a right of action has been released on the official bond of
Richard L. Hall. This is not a suit upon the bond, and we
are not called upon to decide whether the county board had
power to release a cause of action on the bond and discharge
the sureties. It may well be that the board could not do that,
and thus destroy the security which the statute requires
should be given for the protection of the interests of the
county. But we do not understand that any such question is
presented on this record. For there is no question here
whether the treasurer and sureties have been released from re-
sponsibility on the bond or not; but whether the notes and
mortgages are binding obligations, so as to be enforced for the
benefit of the county. It is true, there is an allegation that
the notes and mortgages were accepted by the county as full
settlement and payment of so much of the indebtedness of
Richard L. Hall as was equal to the face of the notes. But
this does not repel or overcome the presumption that the
sureties on the bond are liable for the whole deficit of the
treasurer's account.

The further objection is taken to the complaint, that several
causes of action are improperly united therein. The action is
to foreclose two mortgages of undivided interests in the same
land, given to secure the payment of the same debt. We do
not think there is any misjoinder of causes of action.

*By the Court.* — The order of the circuit court overruling
the demurrer, is affirmed.