CASE III—PETITION ORDINARY—SEPTEMBER 17.

## Ragan v. Chenault.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

An agent cannot bind his principal as surety for another, unless his authority so to do be in writing (Gen. Stat., p. 252), and a subsequent parol ratification by the principal of such act of his agent not thus authorized cannot make the original signing effective.

VOL. LXXVIII.—35

REID & STONE FOR APPELLANT.

Although an agent sign his principal's name as surety for another without any written authority to do so, such signing may thereafter be verbally ratified so as to make it binding upon the principal. (2 Greenleaf on Evidence, page 297; Forsythe v. Bonta, 5 Bush, 547; 8 Pick., 59; Williams v. Rogers, 14 Bush; 9 Cranch, 153; 2 Condensed Reports, 533.)

WM. H. HOLT FOR APPELLEE.

1. The statute provides that "no person shall be bound as the surety of another by the act of an agent, unless the authority of the agent is in writing, signed by the principal" (Gen. Stat., p 252); and to hold that the act of the agent can be made binding upon the principal by his subsequent verbal ratification would be to defeat the object of the statute.

O. S. TURNEY ON SAME SIDE.

The language of appellee, relied upon as a ratification of the signing of the note, is not sufficient for that purpose. (Forsythe v. Bonta, 5 Bush, 547.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The statute provides that "no person shall be bound as the surety of another by the act of an agent, unless the authority of the agent is in writing, signed by the principal." (General Statutes, page 252.)

The appellant Ragan instituted this action against J. W. Chenault on two notes executed by the latter as the surety of Joseph Chenault—one note for $2,000, dated December, 1874, and the other for $1,000, dated in January, 1879. Chenault (the appellee) denies the execution of the notes, and alleges that his name was signed in the character of surety only, by the principal, and without any written authority from him for that purpose. The law and facts were submitted to the court, and a judgment for the surety.

The appellant relies on the subsequent ratification by the appellee of the act of the principal in affixing his name to the paper. The law and facts were submitted to the court, and a judgment for the surety.

Ragan v. Chenault.

The mischief intended to be provided against by this statute was to prevent the use of one's name as surety in obligations, so as to fix upon him a liability, with no other evidence than the alleged parol authority given the principal or some other person to sign the surety's name. The numerous cases where the authority to sign had been successfully questioned, and as many more where the surety, acting in bad faith, denied the authority, induced the passage of this law; and to permit parol proof of a subsequent ratification would, in effect, nullify the statute. If the parol authority, given before the note was signed, to affix the surety's name is incompetent, we cannot well see how the subsequent admission by the surety that he gave such authority and is liable as such can be held admissible.

It cannot be said that a fraud has been practiced in such cases on the creditor, for when the proof is positive and uncontradicted as to the authority given before the signing, and the creditor parts with his money on the faith of it, the statute prevents a recovery; and there is certainly less reason for holding the surety liable after the creditor has parted with his money, and the authority to sign it for the first time admitted. The facts of this case show the evil resulting from the admission of proof evidencing a subsequent ratification or admission of liability by parol testimony only. The surety and the creditor make conflicting statements as to the conversation that took place between them, and by a construction admitting such testimony, the door is opened to all the mischief the law was enacted to prevent. If the surety had pleaded that he gave his authority in parol, and therefore was not liable, the plea would have been good, and this is in substance the defense made. The surety is not bound

unless the authority to sign his name was in writing, and a subsequent statement that "*it was all right, the principal had authority to sign it,*" when this authority was in parol, and that fact not questioned, would not, if conceded, make the appellee responsible.

Judgment affirmed.