CASE 61—INDICTMENT—DECEMBER 19..

## Simpson v. Commonwealth.

### APPEAL FROM HARLAN CIRCUIT COURT.

FALSE SWEARING—VERBAL AUTHORITY TO SIGN ONE'S NAME AS SURETY.—A mere verbal authority to another to sign one's name as surety is not, under our statute, any authority in law; and one who testified that he had not authorized his name to be signed to a note, when in fact he had given another verbal authority to sign his name, was not guilty of false swearing, unless he was principal in the note; and the court should have so instructed the jury upon the trial of an, indictment against him for false swearing.

J. G. FORRESTER FOR APPELLANT.

1. There is a variance between the indictment and the proof as to the suit in which appellant gave the alleged false testimony.
2. The court should have instructed the jury not to find appellant guilty unless they believed his name was signed to the note by his written authority.

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

No brief in record.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT..

Appellant was indicted for the offense of false swear ing, committed by testifying as a witness at the trial of

an action that he never signed, or authorized any one to sign for him, a promissory note to one Blanton to recover judgment on which said action was brought. The note appears to have been executed by E. W. and John Napier as principals, and if appellant was a party to it at all, he was so as surety only. He did not sign it himself, nor was it signed by an agent authorized in writing to do so, hence he was not bound to pay it; for section 20, chapter 22, General Statutes, provides that no person shall be bound as the surety of another, by the act of an agent, unless the authority of the agent is in writing signed by the principal.

It was in evidence that appellant gave verbal direction or authority to a person to write his, appellant's, name to the note, which was done in his presence ; but he was not made thereby liable; for putting the name of a surety to a note by another not having written authority, does not satisfy the statute, which, in terms, requires, in order to bind him, that it be signed by himself, or signed by an agent having authority in writing. To construe the statute so as to charge a person with the debt of another upon such evidence would not only do violence to the language used, but tend to defeat the object of it, which is to prevent frauds and perjuries ; and no better illustration of the wisdom of the statute and necessity for strict adherence to it could be afforded than is presented by this case ; for in the civil action out of which grew this prosecution a surety was sought to be made liable on a note to which his name was written by another upon mere verbal authority, which he stated on oath, on the trial of the civil action, as well as in

this case, he did not give, and, if given, or understood by the other to be given, was probably done by him under misapprehension.

We, therefore, think it was error to refuse the following instruction asked for appellant: "That unless the jury believe the defendant was a principal in the note, verbal authority to sign his name to it was not an authority to sign his name, and unless they believe he signed his name to said note, made his mark, or gave authority in writing to sign his name, then he did not, in law, authorize his name to be signed to the note, and the jury should find him not guilty."

Judgment reversed, and cause remanded for a new trial consistent with this opinion.