CASE 12—PETITION EQUITY—MARCH 22.

## Meazels, &c., v. Martin.

APPEAL FROM WEBSTER CIRCUIT COURT.

1. SIGNING BY MAKING ONE'S MARK.—Sub-section 7, of section 732 of the Civil Code, defining the words "signature, subscription, and words of like import," applies only to instruments required to be [executed under the provisions of the Civil Code, and, therefore, does not apply as to the mode of signing ordinary contracts.

2. SAME.—Where one signs his name to a mortgage by making his mark it is a good signature, although not attested by a witness.

3. MORTGAGE—CERTIFICATE OF ACKNOWLEDGMENT EVIDENCE OF SIGNATURE.—Upon a plea of *non est factum* by a married woman as to a mortgage to which her name is signed, the clerk's certificate of acknowledgment is sufficient evidence that she signed the instrument.

JOHN D. HILL FOR APPELLANTS.

The mortgage is not effectual against the appellant, Sarah E. Meazels, because not properly signed. (Civil Code, sec. 732, sub-sec. 7; Gen. Stat., chap. 24; Kent's Com., p. 494; Billington v. Commonwealth, 79 Ky., 400.)

TOWERY & BOURLAND FOR APPELLEE.

Even if the mortgage was not signed by the wife, as required by sub-section 7 of section 732 of the Civil Code, the subsequent acknowledgment by her of the mortgage was such a ratification of the signature as estops her from denying its genuineness. (Forsythe v. Banta, 5 Bush, 547; Bishop on Contracts, sec. 345; Gen. Stats., chap. 24, sec. 21.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant, R. V. Meazels, executed a mortgage on a tract of land in Webster county, to secure the payment of a note which he executed to the appellee's assignor.

It appears that the appellant, Sarah E. Meazels, attempted to relinquish her dower in said land by signing the mortgage by making her mark, she not being able to write her name, and by acknowledging the same before the county clerk to be her act and deed. There was no attesting witness to the mark of the appellant, Sarah. She pleads *non est factum*.

Section 732, sub-section 7, Civil Code, provides: " The words 'signature,' 'subscription,' and words of like import, include a mark by, or for, a person who can not write, if his name be subscribed to an instrument and witnessed by a person who, near thereto, writes his own name as a witness."

Section 20, chapter 22, General Statutes, provides that the authority of an agent to sign his principal's name as surety must be in writing, signed by the principal; and if the principal does not write his name, then he must sign by his sign or mark, which sign or mark must be made in " the presence of at least one creditable attesting witness."

It has been held by this court (see Ragan v. Chenault, 78 Ky., 545) that if the principal signed his name by making his " sign or mark," and which signature was not made in the presence of at least one witness and attested by him, it was not proper to admit parol evidence that the principal subsequently ratified the act.

Also, in the case of Billington v. The Commonwealth, 79 Ky., 400, it was held that Billington, who directed an

attorney to sign his name to a bail bond as surety, in his presence, and the attorney did sign his name to the bond in his presence, was not bound thereby, because, although the attorney signed in the presence of Billington, he was Billington's agent; and, as the statute directing how the act should be evidenced was mandatory, and as the mandate was not followed, the principal was not bound and no other proof could be received to bind him.

The section of the statute, *supra*, applies to the authority of an agent to sign the name of his principal as surety, which authority must be in writing and signed by the principal; and if he signs by making his mark only, his signature must be attested by at least one creditable witness. But said section only relates to the authority of an agent to sign his principal's name to some document by which it is proposed to bind him as surety; but it does not relate to a person signing his own name to a document by which he is to be bound.

Nor does the section of the Civil Code, *supra*, require that a person's signature, made by his mark to such document, shall be attested by a witness unless the document is such as is required to be executed under the provisions of the Civil Code. Said sub-section is found under the title that relates to the "Rules of Construction of this Code." And, as has been decided by this court (see Maupin, &c., v. Berkley, MS. opinion, February 7, 1882), it has "reference only to the execution of such instruments as are required to be executed under the provisions of the Code."

Was there sufficient evidence that the appellant signed the mortgage by making her mark? We think there

was; for the clerk certifies that she acknowledged it to be her act and deed, which certificate is not questioned. And, while the certificate is not equivalent to an attesting witness, or substitutional for such witness, it proves that the appellant acknowledged it to be her act and deed,which acknowledgment includes her signature; and the certificate, upon the issue of *non est factum*, is evidence of that fact; upon which the court ought to decide against the appellee unless the evidence is overcome by such counter evidence as the law permits in such cases, which was not done in this case.

The judgment is affirmed.