ALEXANDER HENDERSON v. THE NEW ENGLAND
LOAN AND TRUST COMPANY.
No. 219.

1. SPECIAL QUESTIONS—*evidence not justifying such answers as would authorize verdict, refusal of, not error.* Where the evidence in a case would not justify such answers to special questions asked as would authorize a judgment for the party asking the question, it is not error for the court to refuse to submit such questions to the jury.

2. MORTGAGE—*principal and part interest secured by first, and balance of interest by second, held separate liens.* Where a loan of money is evidenced by a first mortgage to secure the principal sum and a part of the interest, and a second mortgage to secure the balance of the interest agreed on, said mortgages constitute separate and distinct liens; and where the second mortgage is foreclosed and the mortgaged property sold subject to the first mortgage, the purchaser thereof does not take such title as will defeat the lien of the first mortgage.

3. —— *and second foreclosed subject to first, purchaser for apportioned price estopped from asserting title against mortgagee.* Where a person buys a piece of land with the distinct understanding that it is subject to a prior mortgage, for a price

280     HENDERSON v. TRUST CO.

N. Dept.     Opinion. Wells, J.     6 Kan. App.

that would be unconscionable if for the full title, and the deed taken under said sale expresses on its face that it is subject to the first mortgage, such purchaser is estopped from asserting his title as against said first mortgage.

Error from Republic District Court. Hon. F. W. Sturges, Judge. Opinion filed November 15, 1897. *Affirmed.*

*L. J. Crans*, for plaintiff in error.

*W. T. Dillon*, for defendant in error.

WELLS, J. On November 9, 1889, John Richardson and Jennie Richardson, his wife, made a loan of six hundred dollars, at eight per cent. interest per annum payable semiannually, of the New England Loan and Trust Company, for which they executed and delivered to the Company a bond for six hundred dollars, payable November 1, 1894, with interest at six per cent. per annum payable semiannually, this interest being evidenced by ten coupons for eighteen dollars each attached to said bond. The bond and coupons were secured by a first mortgage on real estate in Republic County. The other two per cent. interest was evidenced by a note payable in instalments six months apart, and was secured by a second mortgage on the same property covered by the first mortgage. The second mortgage provided that if any instalment of the said note or any of the coupons secured by the first mortgage became delinquent, then, at the election of the second party, the whole of the balance of said instalment note should become due, and to any judgment rendered upon it there might be added the amount of the coupons then delinquent and other sums therein mentioned, and the proceeds of foreclosure and sale of the property applied in payment

of the entire amount so found due. Default having been made in the payment of the instalments and coupons, the second mortgage was foreclosed and the property sold to Alexander Henderson for ninety dollars, subject to the first mortgage of six hundred dollars and interest.

The subsequent interest coupons secured by the first mortgage remaining unpaid, this action was begun in the District Court of Republic County, January 7, 1895, to foreclose the same. Prior to this John Richardson had died, and his wife, Jennie, had removed from the State. Alexander Henderson was in possession of the morgaged property by virtue of his purchase under the foreclosure sale of the second mortgage. Jennie Richardson was not served with summons and made no appearance. Alexander Henderson answered, setting up title to the land in himself by virtue of the sale hereinbefore referred to, and asking to have his title quieted as to the plaintiff's claim. A motion for judgment for the defendant on the pleadings was made and overruled, a reply filed by the plaintiff, and the case called for trial. The defendant demanded a jury, and one was duly impaneled and a trial had. The defendant submitted certain special questions of fact and asked for findings of the jury thereon, which was refused by the court. The court then instructed the jury to return a verdict for the plaintiff, which was done over the objection of the defendant. A motion for a new trial was made and overruled, and the case brought here for review.

There are five specifications of error in plaintiff in error's brief, but the first is not insisted upon and is without merit. The second and third specifications cover the questions at issue and are all that we need notice. Did the court err in refusing to submit the

special questions to the jury, as requested ? We think not. *First,* because the issues in the case were not such as entitled the parties to a jury trial. *Morgan v. Field,* 35 Kan .162 ; *Woodman v. Davis,* 32 id: 344 ; *Houston v. Comm'rs Cloud Co.,* 19 id. 396 ; *McCardell v. McNay,* 17 id. 433. *Second,* because there was no evidence that would have justified such answers to the questions propounded as would have sustained a verdict for the defendant.

This brings us to the principal question in the case : Was the action to foreclose the second mortgage a bar to this action to foreclose the first? The plaintiff in error contends that both mortgages, and the notes secured thereby, constitute but one contract, and cites the fact that the plaintiff below declared upon and collected in its first suit coupons secured by the first mortgage. The difficulty here seems to come from failing to recognize the fact that the six per cent. interest coupons were secured by each mortgage, and that a part of them were collected under the provisions of the second mortgage, and no relief invoked under the provisions of the first mortgage. To hold that these two mortgages constituted in fact but one mortgage contract, would be a refusal by the courts to recognize the contracts that the parties made for themselves. The contention that whatever remained unpaid of the loan or interest was due and recoverable at the time the first action was begun, is not supported by the record, as it required the option of the holder to be exercised to that effect to make it due, and this it evidently declined to do until the beginning of this action. But even had all been due, under the authority of *Roosevelt v. Ellithorp* ( 10 Paige, 415), cited by plaintiff in error, one action would not bar the other, although in that case the court taxed the

costs of the second foreclosure to the plaintiff because they were unnecessarily made. *Oconto Company v. Hall*, 42 Wis. 59; Maxwell on Code Pleading, 184.

That the mortgagors were not necessary parties to the foreclosure proceedings after they had parted with their title to the land, see *Jones v. Lapham*, 15 Kan. 540; *Ashmore v. McDonnell*, 39 id. 669.

Finally, the plaintiff in error in this case is estopped by every principle of equity from asserting title to the land in question to the exclusion of the first mortgage, as the land was sold subject to that mortgage and the bid transferred to Henderson with the distinct understanding that it was so subject. The price paid was unconscionable, if for the full title to the land. The deed expressed its subjection to the prior lien, and there was no circumstance in the case that would justify a court in perpetrating such an injustice.

The judgment of the court below will be affirmed.