CASE 87—ACTION ON A DELIVERY BOND—JANUARY 16.

# Terry v. Johnson, &c.

APPEAL FROM BREATHITT CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.   REVERSED.

CLAIMS AND DELIVERY—BOND BY DEFENDANT TO RETAIN POSSESSION—
    FAILURE OF PLAINTIFF TO EXECUTE BOND—VALIDITY OF BOND AS
    COMMON-LAW   OBLIGATION—PLEADING—JUDGMENT—SIGNING   OF
    BOND BY MARK.

Held:   1. A constable has authority to execute a writ of delivery
    directed to him, and the defendant, having executed bond in or-
    der to retain possession of the property, can not escape liability
    thereon on the ground that the writ was not directed to the con-
    stable at the request of plaintiff.

2. The bond executed by defendant is valid as a common-law obliga-
    tion, though the officer before executing the writ did not take
    bond from plaintiff, as required by Civil Code Practice, section
    184.

3. It was not ground of demurrer to the petition that neither the
    bond sued on nor an official copy of it was filed with the plead-
    ing.

4. The allegation that the principal "executed, signed, and delivered"
    the bond sued on to the constable, with his co-defendants as
    sureties thereon, "who also signed and delivered" the said bond
    to the constable, who accepted and approved same, shows that
    the bond was given in the presence of the officer; the fact that
    it was not signed in his presence, and was not attested by him,
    not being sufficient to invalidate it.

5. In pleading a judgment of a court of general jurisdiction, it is not
    necessary to allege, as provided by Civil Code Practice, section
    122, that it was "duly" rendered; it being presumed that the
    judgments of superior courts were duly rendered.

6. Under Civil Code Practice, section 732, sub-section 7, providing
    that the word "signature" shall include a mark by or for a per-
    son who can not write, if attested by a witness, one who signs
    his name as surety to a bond required by the Code of Practice,
    by making his mark, properly attested, is bound thereby.

MARCUM & POLLARD, ATTORNEYS FOR APPELLANT.

1. It is claimed by counsel for appellees that plaintiff's petition is
    bad, because, as they allege, it fails to state that the writ of de-

livery was directed to the constable, who executed it at the instance of the plaintiff. The petition states "that plaintiff obtained a writ of delivery which was directed to any constable of Breathitt county, and which he placed in the hands of Seburn Combs, who was at that time constable of said county."

2. Appellees also contend that the petition is defective because it fails to allege the execution of the bond required by section 184 of the code. The officer is presumed to have taken this bond before he attempted to execute the writ. The petition alleges, first: That the writ was directed to any constable. Second: That he took possession of the logs. Third: That in crder to retain possession thereof, the defendants within two days thereafter, "Executed, signed and delivered the said bond to said Combs, as constable, *who accepted and approved the same.*"

3. Complaint is also made that the bond was not filed with the petition. The petition states that the bond is on file in a certain case in the Breathitt Circuit Court, and "is referred to as part of the petition as if fully set out herein."

4. There are other alleged defects complained of which are technical and without merit, as we think, but if the bond is not technically good under the Code, we insist that it is good as a common law bond.

5. The fact that the sureties on the bond signed their names by mark does not invalidate it. Civil Code, secs. 184, 29, 120; 14 B. Mon., 203; 12 Bush., 577; Harlan v. Prater, 6 Bush., 187; Sanders v. Bush, 2 J. J. M., 478; Cook v. Boyd, 10 B. Mon., 559; 7 Bush., 132.

J. C. BACH & S. H. PATRICK, FOR APPELLEES.

1 There is no averment in the petition that the writ of delivery was delivered to the constable at the request of the appellant in whose behalf it was issued, and unless it was so directed, the constable had no authority to execute it. Civil Code, sec. 667, 672; Johnson v. Elkins, 90 Ky., 163.

2. In the absence of an allegation in the petition to the effect that appellant had executed the bond required by section 184 of the Civil Code, or that the bond sued on was duly taken by the officer, the petition states no cause of action. Civil Code, section 122, for the officer had no authority to comply with the writ until such bond was executed.

3. In an action founded on a bond, or other writing, as evidence of indebtedness, it must be filed as part of the pleading, and if not filed the reason for the failure to do so, must be stated in the pleading. Civil Code, sec. 120; Collins v. Blackburn, 14 B. M., 203; Hill, &c. v. Barrett, 14 B. M., 67.

4. Exhibits filed which contradict the averments of the petition
   must control. Ky. Mut. Ins. Co. v. Logan, 90 Ky., 364; Boyd v.
   Bethel, 10 'R., 470.
5. A bond executed in the course of a judicial procedure is not valid
   either as a statutory or common law obligation, when the tribu-
   nal or officer who took the bond had no authority to take it.
   Councilmen v. Lisle, &c., 15 Ky. Law Rep., 543.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

On March 5, 1889, appellant, Isaac Terry, instituted suit
against the defendant Calloway Johnson for the recovery
of a lot of saw logs which Johnson had cut and carried
away from certain lands claimed by him, and obtained a
writ of delivery, under which the constable of Breathitt
county took possession of the logs. Within two days
Johnson, with appellee Breck Herald and Richard Herald,
executed a bond to the constable to the effect that he would
perform the judgment of the court in the action. The case
was subsequently tried in the Breathitt Circuit Court, and
resulted in a judgment in favor of appellant at the Novem-
ber term, 1895, of that court. Execution having issued,
and been returned, "No property found," on this judgment
against appellee, Johnson, and the judgment remaining un-
satisfied, on May 13, 1896, appellant filed this suit against
appellees to recover on the bond above referred to. The
court below sustained a demurrer to the petition, and dis-
missed the action.

It is insisted for appellees that the petition is not suffi-
cient, because it fails to state that the writ of delivery
was directed to the constable, who executed it at the in-
stance of the plaintiff. The allegation of the petition is
in these words: "That in said suit he obtained a writ of
delivery, which was directed to any constable of Breathitt
county, and which he placed in the hands of Seburn Combs,
who was at that time constable of Breathitt county; that

the said Combs took possession of said logs under said writ of delivery, and within two days after taking possession of same the defendant, Calloway Johnson, in order to retain the possession of said logs, executed, signed, and delivered to the said Combs a bond, with the defendants, Breck Herald and Richard Herald, as his sureties thereon, who also signed and delivered the said bond to said Combs, the constable aforesaid, who accepted and approved the same, by the terms of which bond the defendants herein covenanted to and with the plaintiff, Isaac Terry, that they would perform the judgment of the court in said action."

If the writ was directed to the constable, he had authority to execute it. His authority depends upon his writ, and, if that is good upon its face, his acts under it are valid. Appellees can not raise the question whether the writ was directed to the constable at the request of appellant.

The bond sued on is given under section 188 of the Civil Code of Practice, which allows the defendant in the writ to execute such bond and keep possession of the property. Section 184 of the Code requires the officer, before executing the writ, to take bond from the plaintiff, and it is insisted that the petition is defective because it does not show that the constable had taken a bond before executing this writ. The law presumes that the constable had done his duty. He had taken possession of the property, and appellees, to get it from him, executed the bond sued on. They are bound on their bond as a common-law obligation, whether the constable had taken bond of the plaintiff under section 184 or not. Cook v. Boyd, 16 B. Mon., 559; Prather v. Harlan, 6 Bush, 185.

It was no ground of demurrer to the petition that the bond or an official copy of it was not filed with the pleadings. The allegation of the petition is sufficient to show that the bond was given in the presence of the officer. The fact that it was not signed in his presence and was not attested by him would not invalidate it. Sanders v. Buck, 2 J. J. Marsh., 478; Cook v. Boyd, 16 B. Mon., 556.

It is alleged in the petition that the judgment was rendered in the Breathitt Circuit Court, and it was unnecessary to further allege that the judgment was duly rendered, as provided in section 122 of the Code. In Newman, Pl., page 586, the law is thus stated: "This provision of the Code is not obligatory, and the party may still set out the facts as formerly. . . . If the court be one of special and limited jurisdiction, and the party pleading does not adopt the language of the Code, but pursues the former practice, he must state all the facts with particularity showing the jurisdiction; but, if the court be one of general jurisdiction, it will be presumed that it had jurisdiction of the particular case, unless the contrary appear from the amount recovered or some other fact showing the want of jurisdiction." See, also, to same effect, 11 Enc. Pl. & Prac., 1130, and Freem. Judgm., section 452, and cases cited. This rule has been several times followed by this court, as before the adoption of the Code it was only required to allege the rendition of the judgment of a superior court, and the purpose of section 122 was to simplify pleadings. It is presumed that judgments of superior courts are duly rendered, and by section 119 presumptions of law are not to be stated in a pleading.

The allegation of the petition that the judgment remains in full force and effect, and is wholly unpaid, is sufficient

to show a breach of the bond. In Staples v. Bank, 98 Ky., 451, (33 S. W., 403), it was held that one who signs his name to an obligation as surety by making his mark is bound thereby, even though there be no attesting witness. This rule applies to all writings, except those that are required to be executed under the provisions of the Code of Practice. Meazels v. Martin, 93 Ky., 50; (18 S. W., 1028); Maupin v. Berkley, 3 Ky. Law Rep., 617. Subsection 7, section 732, Code Civ. Prac., provides: "The words 'signature,' 'subscription' and words of like import include a mark by or for a person who can not write, if his name be subscribed to an instrument and witnessed by a person who near thereto writes his own name as a witness." It appears from the record that the sureties in the bond signed it by making their mark, and that this was attested by J. T. Chadwell. This is a literal compliance with the provision of the Code. Whether the bond would be good as a common-law obligation, if not signed as required by the Code, we need not determine. For the reasons indicated, we are of opinion that the petition states a good cause of action, and that the demurrer thereto should have been overruled. Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.