GAMBLE *v.* HARVEY-GREENHAW MERCANTILE COMPANY.

Opinion delivered December 21, 1908.

1.   ATTACHMENT—WAIVER OF BOND.—Where the defendant in an attachment suit before a justice of the peace went to trial without objecting that the plaintiff failed to file an attachment bond, he cannot object in the circuit court on appeal if plaintiff is permitted to file such bond. (Page 41.)

2.   PLEADING—WAIVER OF REPLY TO CROSS-COMPLAINT.—Where defendant went to trial without demanding judgment for want of a reply to his cross-complaint, he cannot object because the court permitted a reply to be filed after close of the testimony.   (Page 41. )

Appeal from Jackson Circuit Court; *Joseph W. Phillips,* Special Judge; affirmed.

*Gustave Jones* and *Ira D. Mack,* for appellant.

1.   Courts may permit amendments and allow new issues to be made, but no amendment can be allowed to change the entire proceedings.    44 Ark. 376; 55 *Id.* 282; 61 *Id.* 252; Kirby's Digest, § 6145; 75 Ark. 465.

2. The covenant for quiet enjoyment runs with the land in all rent contracts. Wood, Landlord and Tenant, § 365.

3. The contract was an entirety and not divisible. 19 Ark. 263; 2 Pars. on Cont., § 5, p. 33; 22 Ark. 158; 30 *Id.* 187; 63 *Id.* 187; 71 *Id.* 292.

*Stuckey & Stuckey,* for appellee.

1. The cause of action was not clearly stated, and the amendment was proper. Kirby's Digest, § 6145; 36 Ark. 561; 33 *Id.* 406; 39 *Id.* 97.

2. A tenant can not dispute his landlord's title. 39 Ark. 561.

3. Appellant was not ousted of any land that he rented from appellee.

BATTLE, J. . Harvey-Greenhaw Mercantile Company filed before a justice of the peace of Jackson County the following complaint and affidavit, except that inclosed in brackets, which was inserted as amendments by leave of the circuit court, on appeal:

"The plaintiffs, Harvey-Greenhaw Mercantile Company [incorporated], state on their oath that they rented a farm known as the Frank Roberts farm in Jefferson Township, Jackson County, to James Gamble for the year 1907, for two hundred and twenty-five dollars, due October 15, 1907, evidenced by his note; that he has refused to pay said rent; that he has, and is disposing of the crops grown on said farm [without consent of the landlord], and not applying proceeds to payment of said rent, [and that plaintiff has a lien on said cotton for said rent.] Now, the Harvey-Greenhaw Mercantile Company prays an attachment against the crop of said James Gamble for $225, together with cost of this suit. [They also pray a warrant for said James Gamble, to be brought before you and dealt with according to law, for disposing of certain portions of said crops and not paying proceeds on said rent.]

"Sworn to and subscribed to before me, a justice of the peace for Jackson County.

"Harvey-Greenhaw Merc. Co.,

"By S. W. Harvey, Vice President.

"M. G. See, J. P.

"October 29, 1907."

A copy of the note was filed, and is as follows:

"Harvey-Greenhaw Mercantile Company.

"Tuckerman, Arkansas, January, 1906.

"$225.

"On or before October 15, 1907, I promise to pay to the order of the Harvey-Greenhaw Mercantile Company the sum of $225, as rent on what is known as the Frank Roberts farm, in section eighteen, township twelve north, range two west, in Jackson County, Arkansas, for the year 1907.

[Signed] "J. H. Gamble."

And filed such a bond as is authorized in actions for the possession of personal property.

The docket of the justice of the peace shows that a writ of attachment was issued on the 29th day of October, 1907. In the record we find copied what purports to be a writ of attachment and summons issued in regular form on the 29th of October, 1907. We also find what purports to be a copy of an order of delivery issued on the same day.

On the 8th day of November, 1907, the return day of the summons, a trial was had before the justice of the peace, and a judgment was rendered in favor of plaintiff against the defendant for the full amount sued for. An appeal was taken by the defendant from the judgment to the Jackson Circuit Court.

"In the circuit court the defendant moved to quash the affidavit and order of delivery and judgment because, as they say, the paper on which the order of delivery was issued attempts to charge a criminal offense, but neither states a criminal offense or a cause of action; because it attempts to join a criminal action and a civil action in the same plea; because no bond was given as required by law for replevin, and if it is intended as a suit in attachment there is no bond for attachment; and because there is no affidavit, no proper process, nor prayer for judgment.

"Thereupon, the court sustained the motion to quash, and gave plaintiff leave to amend the affidavit by interlineation of the words 'without consent of the landlord' after the word farm, and also the words 'that plaintiff has a lien on said cotton for said rent' after the word rent, and to amend bond and writ."

The bond was filed and accepted as sufficient by the court, over the objections of the defendant.

The defendant thereupon filed an answer and cross-complaint, admitting that he had rented the land from plaintiff, and that plaintiff had rented the same from Susan Roberts, and alleged that plaintiff had not finally settled with its landlord.

"He denied that he had refused to pay the rent, and further denied that he had disposed of the crops grown on said land without consent of the landlord; and, further answering, said that he rented said lands from said plaintiffs as alleged; that by said contract the plaintiff agreed that he should have the quiet and peaceable enjoyment of said premises. That some time in February, 1907, the defendant was sued in ejectment for possession of a part of the land let to him by one C. B. Coe, and was served with summons; that immediately defendant gave notice to plaintiff company of the pendency of said suit and called on plaintiff to defend the same; that plaintiff wholly failed to protect defendant in the possession of said premises, and defendant was ousted from said possession thereof, to his great damage; that defendant occupied said premises under said agreement, and endeavored to carry out his contract to cultivate the lands and pay the rent; that he defended the suit of said C. B. Coe for the possession thereof as aforesaid, and judgment was rendered in said cause against him for $50 rent and for $67.35 costs; that he employed counsel at an expense of $50 to defend one suit. And defendant, Gamble, further answering, said the contract was an entire one, and not divisible, and that, he having been evicted from the possession of said lands, the consideration for said contract failed, and that he owed nothing on account thereof, and prayed for judgment in the sum of $167.35, and for costs of this action."

After the close of the testimony in a trial in the circuit court in this case plaintiff, with leave of the court and over objections of the defendant, filed a reply to the cross-complaint, and among other things denied that Coe had recovered any part of the land from the defendant for the rent of which defendant had executed a note to plaintiff; and denied that the land recovered by Coe was any part of the Frank Roberts place.

In the trial in the circuit court evidence was adduced tending to prove the following facts in addition to those admitted in the

pleading: The plaintiff rented the Frank Roberts farm from Mrs. Roberts, and then rented it to the defendant for 1907 and paid her in full for the rent of the land before it brought this action. The defendant was disposing of the crops raised on the farm in 1907—moving it off the place without paying the rent— before this action was brought.

Evidence was adduced by the defendant tending to prove the allegations in his cross-complaint, but he testified in the trial that he knew where the lines between the Roberts and Coe lands were before giving the note sued on in this action.

After instructions by the court the jury returned a verdict in favor of plaintiff for $211 and six per cent. per annum interest thereon from the maturity of the note sued on until paid; and the defendant appealed.

Appellant was not prejudiced by the filing, in the circuit court, of the bond required to be filed in actions like this. He had waived the filing of it before the justice of the peace. It was required for his protection, and he had the right to waive it.

He was not prejudiced by the filing of the reply to his cross-complaint after the close of the testimony. He had waived it by going into trial without demanding judgment for want of it.

The verdict of the jury was more favorable to defendant than he was entitled to. He rented the Frank Roberts place for 1907. His note was given for the rent of that place. He testified and admitted that he knew where the lines between the Coe and Roberts land were before executing the note, and nothing was shown to the contrary. He rented the Frank Roberts place, and it is obvious that the Coe land was no part of that place.

Judgment affirmed.