## WOOD *et al.* v. COLBY.

No. 1184.    Opinion Filed October 10, 1911.

(118 Pac. 584.)

1.    REPLEVIN—Bond—Objections—Waiver.  Under the law in force in Indian Territory prior to statehood, in an action in replevin, where the replevin bond was signed by plaintiff only, without sureties, and the case is tried, and judgment rendered, no objection having been raised to the sufficiency of said undertaking, the defendant, having executed a redelivery bond, which was accepted, and the property returned to him, will not in a suit to recover on a breach of the redelivery bond be heard for the first time to object to the sufficiency of the original replevin bond, but will be deemed to have waived all defects therein.

2.    SAME — Redelivery Bond — Validity.  In such a case, in the absence of other valid objection, the redelivery bond shall be deemed a valid undertaking, and the parties executing the same will be bound thereby.

3.    SAME—Validity as Common-Law Obligation.  Such a redelivery bond, even though all the statutory requirements concerning its execution have not been complied with, constitutes a valid common-law obligation.

(Syllabus by Robertson, C.)

*Error from McClain County Court; E. E. Glasco, Judge.*

Action by J. H. Colby against C. R. Wood and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*J. W. Hocker,* for plaintiffs in error.

*J. T. Blanton, L. C. Andrews,* and *Monroe Osborn,* for defendant in error.

Opinion by ROBERTSON, C.   Defendant in error, who was plaintiff below, brought suit in the county court of McClain county to recover $217 alleged to be due from plaintiffs in error, who were defendants below, on account of the breach of the conditions of a certain redelivery bond which said C. R. Wood, as principal, and W. G. Blanchard, as surety, had executed on May 25, 1906, in an action of replevin then pending in the United States Commissioner's Court for the Southern District of the Indian Territory, sitting at Purcell.   The plaintiffs in error admit the execution of the bond sued on, but allege that, "there was no foundation for the taking of the bond, given for the redelivery of the property, and, as such bond is without valid consideration, no action will lie upon it."

Plaintiffs in error contend that in the original action in replevin in the commissioner's court no valid or sufficient bond was given by the plaintiff therein, who is defendant in error here, and allege that the same was signed by the plaintiff only, and that the same was therefore void, and that the redelivery bond thereafter given in said action was therefore also void.   With this contention of plaintiffs we cannot agree.   No objection to the sufficiency of the original replevin bond was ever made until suit was brought on the redelivery bond.   Had plaintiffs in error questioned the sufficiency of the replevin bond in the commissioner's court, it would doubtless have resulted in the giving of a sufficient replevin bond or a discontinuance of the action, as it was clearly defective.   It would have been the duty of the commissioner to permit plaintiff to amend the bond, and, upon his failure so to do, the action would have been dismissed. *Smith v. Howard,* 23 Ark. 203.   But Woods, who was defendant below, elected to consider said bond as good, and waived any insufficiency in the same by submitting to a trial without objection and by executing and filing a good and sufficient redelivery

bond, thereby retaining possession of the property in controversy. Plaintiffs in error in support of their contention cite numerous cases from Arkansas, as well as excerpts from Mansfield's Digest, under the provisions of which the original action was brought. These cases, so cited by learned counsel, without doubt state the law correctly in cases where the sufficiency of the undertaking is questioned before answer or other plea. But the bond complained of is required by statute for the sole benefit of the defendant, and he has a 'chance to examine the same and object to its sufficiency before trial, which in this case he did not do. In such a case the defendant may require a good bond, or, as it seems was done in the case at bar, he may waive the same. Indeed, it has been held in *Gamble v. Harvey-Greenhaw Merc. Co.*, 89 Ark. 37, 115 S. W. 946, that:

"Appellant was not prejudiced by the filing in the circuit court of the bond required to be filed in actions like this. He had waived the filing of it before the justice of the peace. It was required for his protection, and he had the right to waive it."

In *Terry v. Johnson et al.*, 109 Ky. 589, 60 S. W. 300, in speaking of the lack of such bond, under an identical statute, the court says:

"The bond sued on is given under section 188 of the Civil Code of Practice, which allows the defendant in the writ to execute such bond and keep possession of the property. Section 184 of the Code required the officer, before executing the writ, to take bond from the plaintiff, and it is insisted that the petition is defective because it does not show that the constable had taken the bond before executing this writ. The law presumes that the constable has done his duty. He had taken possession of the property, and appellees, to get it from him, executed the bond sued on. They are bound on their bond as a common-law obligation whether the constable had taken bond of the plaintiff under section 184 or not."

*Cook v. Boyd*, 16 B. Mon. (Ky.) 559. In *Bloomingdale v. Chittenden*, 75 Mich. 307, 42 N. W. 836, which was on a motion to dismiss for defect in bond, the court said:

"The bond is required for the protection of defendant; and although the statute is peremptory that, unless the new bond is

filed forthwith, the writ shall be dismissed on motion, and the property returned to defendant, it may be waived by defendant, and must be regarded in this case as having been waived by going to trial before the justice upon the merits, and again in the circuit court without objecting on this ground."

While in *Hudelson et al. v. First National Bank et al.,* 51 Neb. 557, 71 N. W. 304, the Supreme Court of Nebraska says:

"The bond was imperfect or defective in other particulars' than the one to which we have just alluded. A motion was interposed for plaintiffs in error by which the court was asked to require the defendants in error to file a new and sufficient bond. This motion seems to have been sustained. Whether so or not does not appear from the record, but, after it was filed, the defendants in error furnished and caused to be filed a new bond. This evidently was satisfactory; at least no further objections were made to the bond. Issues were joined and a trial had in which the parties all participated. It is too late after the finding of the court and judgment on its merits to further object to the bond. Cobbey, Repl. sec. 695."

Plaintiffs in error voluntarily executed the redelivery bond sued on in the court below, and the bond was accepted without objections, and served the purposes for which it was intended, and, to say the least, it constitutes a valid common-law obligation, and a recovery thereon cannot be defeated, even though the statutory provisions concerning its execution have not been strictly complied with. *Kennedy v. Brown,* 21 Kan. 172; *Dore v. Corey,* 13 Cal. 502; *Gille v. Emmons,* 61 Kan. 217, 59 Pac. 338; *Braithwaite v. Jordan,* 5 N. D. 196, 65 N. W. 701, 31 L. R. A. 238; *Gardner v. Donnelly,* 86 Cal. 367, 24 Pac. 1072; *Blanchard v. Anderson,* 27 Okla. 732, 113 Pac. 717.

We find no error in the record, and therefore the judgment of the county court of McClain county should be affirmed.

By the Court: It is so ordered.

All the Justices concur.